GEORGE WHITEHEAD, Respondent, v. ELIJAH B. ALLEN
ET AL., IMPLEADED, Appellants.

*Pleading—Demurrer—Cause of Action.*

In actions brought under the statute of 1849, as amended in 1853, entitled
"An act in relation to suits by and against joint-stock companies and associa-
tions," the judgment recovered against the company is not the foundation of
the action against a stockholder of the company on failure to satisfy such
judgment by execution against the company. The action authorized by the
4th section of the act, against individual stockholders in such cases, is based
upon the original cause of action against the company; and in such proceeding
the original cause of action must be stated in the complaint.

PARKER, J.—This action was commenced under the Statute of
1849, entitled "An act in relation to suits by and against joint-
stock companies and associations," as amended in 1853, against
the Appellants and several other persons, alleged to be members
of a joint-stock association, after judgment and execution against
the company. The complaint alleges that the Defendants were,
during the year 1857, members of, and shareholders in, a joint-
stock company or association, duly organized, and styled and
known as "The Ontario and St. Lawrence Steamboat Company."
That during that year, and while the Defendants were members
thereof, the company became indebted to the Plaintiff, for goods
sold and delivered to its officers and agents for its use and
benefit, in the sum of $162.51. That he commenced an action
against the company on the said demand, by the service of a
summons and complaint on its president, and on the 26th of
December, 1857, obtained a judgment for $165.22 damages, and
$12.89 costs, making in all $178.12. That on the same day an
execution upon such judgment was issued and delivered to the
sheriff of St. Lawrence county, requiring him, &c. (in the usual
form) ; that the execution has been returned wholly unsatisfied,
and the judgment remains wholly unpaid. Judgment for $178.12,
with interest from December 26, 1857, was demanded.

To the complaint these Defendants demurred, on the ground that the "complaint does not state facts sufficient to constitute a cause of action."

The Plaintiff applied to a Justice of the Court, at chambers, for judgment against these Defendants upon the demurrer, for the frivolousness thereof. The motion was granted, and final judgment ordered in the action against these Defendants for the sum demanded in the complaint, which was thereupon entered. From this judgment the Defendants appealed to the General Term, where it was affirmed, and from the judgment of affirmance they now appeal to this Court.

The question brought here by the appeal is upon the issue of law raised by the demurrer. Does the complaint state facts sufficient to constitute a cause of action? (Manning v. Tyler, 21 N. Y. R. 567; The East River Bank v. Rogers, 7 Bosw. 493). By the first section of the Act of 1849, " any joint-stock company or association, consisting of seven or more shareholders or associates, may sue and be sued, in the name of the president or treasurer for the time being of such joint-stock company or association; and all suits and proceedings so prosecuted by or against such joint-stock company or association, and the service of all process or papers in such suits and proceedings on the president or treasurer for the time being of such joint-stock company or association, shall have the same force and effect, as regards the joint rights, property, and effects of such joint-stock company or association, as if such suits and proceedings were prosecuted in the names of all the shareholders or associates, in the manner now provided by law" (Sess. Laws 1849, chap. 258, § 10).

The fourth section of this act, as amended in 1853, enacts as follows: " Suits against any such joint-stock company or association, in the first instance, shall be prosecuted in the manner provided in the first section of the said act; but after judgment shall be obtained against any such joint-stock company or association, as above provided, and execution thereon shall be returned unsatisfied, in whole or in part, suits

may be brought against any or all of the shareholders or associates individually, as now provided 'by law " (Sess. Laws 1853, chap. 153).

The joint-stock companies mentioned in these acts are not corporations, but mere partnership concerns, in which the shareholders are partners, and all are individually liable as such. These statutes, however, modify the common law in its application to them : first, in respect to the mode of suing the company, and the effect of judgments against it thus obtained reaching the joint property of the association only ; second, in suspending the right to sue the partners individually for the liabilities of the company until redress has been thus sought against the property of the association and has failed ; third, in allowing actions, after such failure, against any or all of the individual partners—in the language of the act, " as now provided by law "—that is, such actions as might have been brought if the act in question had not been passed. It seems to me that we cannot, from these enactments, infer the intent to authorize actions against the individual partners upon the judgments so to be obtained against the associations. No action can be brought against the individual partners upon any demand against the company, until one has been first brought against the company upon the sum demanded, is the clear declaration of the statute. The cause of action, therefore, on which the individual partners are to be sued, is the same as that on which the association was sued. The judgment against the association is not a judgment against the individuals, either in form or effect. It is a statutory judgment, and the statute declares what its effect shall be—that is, as regards the joint rights, property, and effects of the joint-stock company—the same as though it were a judgment obtained in an action brought against the company in the ordinary way. As against the individual partners it has no force, as a judgment, beyond the effect given it by the statute, and is not a substantial cause of action against them (Bailey *v.* Bancker, 3 Hill, 192).

In bringing an action thus against the individual partners, the complaint should set forth such facts as are sufficient to show the

original cause of action against the association, in addition to those made necessary by the act, showing the attempt and failure to collect the demand, by judgment and execution, out of the property of the association.

In the case at bar it would seem that the pleader proceeded upon the idea that a recovery was to be had upon the judgment against the association. This demand of judgment is for the amount of that judgment, damages, and costs. The Defendants' counsel claim that, the complaint being upon the judgment, the action cannot be sustained.

If the pleader, in setting forth his cause of action, does, in fact, show a good cause of action, although not the one intended, his pleading will, nevertheless, be sustained upon demurrer ; for it is to be measured, not by his view of the law, but by the law itself. We must look, then, into the complaint to ascertain whether it sets forth, by proper allegations, a cause of action, independent of the judgment against the association.

It shows the Defendants members of the association, and, besides the proceedings to judgment against the association, and the return of the execution unsatisfied, alleges that, during the time when they were such members thereof, " the said company became indebted to the Plaintiff for goods sold and delivered to its officers and agents, for its use and benefit, in the sum of one hundred and sixty-two dollars and fifty-one cents." This is the whole statement of facts. Do they constitute a cause of action ?

I confess I am quite unable to see a cause of action in the statement. The fact that the company, in 1857, became indebted to the Plaintiff in a sum named for goods sold and delivered to its officers and agents for its use, does not make out a present right of action against the company, without the further fact of a present duty and a breach of it. " The breach of the contract," says Chitty, " being obviously an essential part of the cause of action, must in all cases be stated in declaration " (1 Ch. Pl. 365). This, in the complaint under consideration, is wholly wanting. It does not even allege an *existing* indebtedness.

In Allen *v.* Patterson (3 Seld. 476) the complaint was as

follows: "The Plaintiffs complain against the Defendant for that the Defendant is indebted to the Plaintiffs in the sum of $371.01, for goods sold and delivered by the Plaintiffs to the Defendant, at his request, on, &c., . . and the Plaintiffs say that there is now due them from the Defendant the sum of $371.01, for which sum the Plaintiffs demand judgment." Upon demurrer this Court held the complaint good, Judge Jewett, who delivered the opinion of the Court, remarking that it contains every statement of fact necessary to constitute a good indebitatus count in debt, according to the mode of pleading before the Code. But in that case the allegation that "there is now due the Plaintiffs $371.01," plainly expressed the fact that the purchase price of the goods had become due and remained unpaid; and particular stress was laid by the Court upon that allegation.

Chitty, in speaking of the indebitatus count in debt, says: "The indebitatus count states that the Defendant," &c., "was indebted to the Plaintiff in a named sum of money, 'for goods sold,' and although it has been usual to conclude each count with the allegation that 'by reason of the sum of money being unpaid, an action had accrued to the Plaintiffs to demand and have the same from the Defendant, being parcel of the money above demanded,' yet that allegation is unnecessary, and the usual breach at the end of the declaration will suffice" (1 Ch. Pl. 394, 7th Am. ed.). I am not aware of any case, or any book of forms, before or since the Code, which dispenses with the allegation of a breach of the contract or duty on which the action is founded. Indeed, when the action is founded upon the contract, obligation, or duty of the Defendant, the very gist and essence of the cause of action is the breach thereof by the Defendant. Unless a breach is alleged, therefore, no cause of action is shown.

I am unable to avoid the conclusion that the demurrer is well taken, and that the judgment of the Court below is erroneous, and should be reversed.

All concur, except GROVER and HUNT, JJ.

Reversed.                     JOEL TIFFANY,
                                           State Reporter.