GEORGE W. MILLER, Respondent, *v.* JOHN P. WHITE et al., Appellants.

50  137
108  275

50  137
164  231

The trustees of a manufacturing corporation organized under the act to authorize the formation of corporations for manufacturing and other purposes (chapter 40, Laws of 1848) are neither parties nor privies to a judgment against the company; and where, in consequence of a failure to make and file an annual report as required by section 12 of that act, they have become liable to pay the debts of the company, and an action is brought against them to enforce that liability and collect a debt due from the company, proof of the recovery of such a judgment thereon is neither conclusive nor *prima facie* evidence of the debt.

(Argued April 17, 1872; decided November 12, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff entered upon a verdict; also affirming an order denying a motion for a new trial. (Reported below, 57 Barb., 504, and 59 id., 434.)

This action was brought against the defendants, as trustees of the "Gutta Percha Manufacturing Company," a corporation organized under the act to authorize the formation of corporations for manufacturing and other purposes (chapter 40, Laws of 1848), as amended, seeking to make them liable for a debt against the company under the provisions of section 12 of said act, because they had failed to make and file the annual report required by that section. The complaint set forth the recovery of a judgment against the company for $24,734.62; that execution was returned unsatisfied, and that said judgment is unpaid and in full force. Upon the trial, and before the taking of any testimony, defendants' counsel moved for a dismissal of the complaint upon the ground that it did not set forth any original cause of action against the company. This motion was denied and the ruling excepted to. The judgment roll was offered in evidence and received under exception. The court held the judgment conclusive against the defendants, and directed a verdict for the amount thereof, which was rendered accordingly.

*H. Sheldon* for the appellants. The original indebtedness should have been averred and set forth in complaint, and the judgment is no evidence against defendants. (*Strong* v. *Wheaton*, 38 Barb. 617; *Moss* v. *McCulloch*, 5 Hill, 131; *Witherhead* v. *Allen*, 3 Keyes, 562; *McHarg* v. *Eastman*, 4 Robt., 636; S. C., 7 Robt., 137; *Belmont* v. *Coleman*, 21 N. Y., 96.) And the objection is properly made at the trial. (*Coffin* v. *Reynolds*, 37 N. Y., 640.)

*L. A. Fuller* for the respondent. If there were technical defects in complaint, it was proper practice to receive the proofs, and if no case was made, to nonsuit. (*Lounsbury* v. *Purdy*, 18 N. Y., 520; *Pratt* v. *H. R. R. Co.*, 21 N. Y., 313, 314; Code, § 173; *Miller* v. *White*, 8 Abb. Pr., 46.) A judgment against a corporation is conclusive evidence of a debt of the corporation in an action against a stockholder, unless impeached for fraud. (*Slee* v. *Bloom*, 20 Johns., 669; *Moss* v. *Oakley*, 2 Hill, 265; *Moss* v. *McCulloch*, 7 Barb., 279; *Andrews* v. *Murray*, 9 Abb. Pr., 8, 14; *Peckham* v. *Smith*, 9 How. Pr., 436; *Belmont* v. *Coleman*, 1 Bosw., 188; *Squires* v. *Brown*, 22 How. Pr., 35, 39, opinion of the court per Woodruff; *Conklin* v. *Furman*, 8 Abb., 161, N. S.; *Nimmons* v. *Tappan*, 2 Sweeney, 652; *Hovey* v. *Ten Broeck*, 3 Robt., 319; *Dayton* v. *Borst*, 7 Bosw., 115, 117, 119; *Hoagland* v. *Bell*, 36 Barb., 57; *Lewis* v. *Ryder*, 13 Abb., 5; *Miller* v. *White*, 8 Abb., N. S., 46; *Gaskill* v. *Dudley*, 6 Metc., 546, per Shaw, Ch. J.; *Holyoke Bank* v. *Goodman Paper Manufacturing Co.*, 9 Cush., 576; *Farnum* v. *Ballard Vale Machine Shop*, 12 Cush., 507, per Shaw, Ch. J.,; *Marcy* v. *Clark*, 17 Mass., 330, 335; *Utley* v. *Union Tool Co.*, 11 Gray, 140; *Dauchy* v. *Brown*, 24 Vt., 209; *Doworth* v. *Coalbaugh*, 5 Iowa, 300; *Hampson* v. *Weare*, 4 Iowa, 13; *Corse* v. *Sanford*, 14 Iowa, 235; *Chaffin* v. *Cummings*, 37 Me., 77, per Shepley, Ch. J.; *Carne* v. *Bingham*, 39 id., 35; *Millekin* v. *Whitehouse*, 49 id., 527; *Merril* v. *Suffolk Bank*, 31 id., 57, 60; *Cross* v. *Law*, 6 M. & W., 217; *Bank of A.* v. *Nias*, 4 Eng. L. & Eq., 252.)

A judgment is in itself a debt. (Jacobs' Law Dic., title "Debt;" Chitty on Pr., 108, 109; *Sayre* v. *Austin*, 3 Wend., 496.) The judgment being conclusive, the allegation was sufficient. (*Peckham v. Smith*, 9 How., 436; 21 N. Y., 101.)

PECKHAM, J. The statute under which the defendants' liability is claimed, after requiring a report from the company of its condition to be made, filed and published annually, within twenty days from the first day of January, declares that if any company "shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made." (Laws of 1848, p. 57, § 12; 2 R. S., 5th ed., 661.)

The report to be "signed by the president and a majority of the trustees, and be verified by the oath of the president or secretary."

Upon the trial the plaintiff proved the recovery of a judgment against the company for the amount claimed in this action, and the court held that recovery not only *prima facie* but conclusive evidence against these defendants of the debt against the company.

It will be perceived that this is a highly penal act, extremely rigorous in its provisions.

It is absolute that the trustees shall be liable for all the debts of the company, if the report be not made, no matter by whose default. If one of the trustees did all in his power to have it made, yet if the president or a sufficient number of his co-trustees to constitute a majority declined to sign it, or if the president and secretary declined to verify it by oath, the faithful trustee seems to be absolutely liable as well as those who refuse to do their duty.

A subsequent section makes the trustees liable for the company's debts if they pay a dividend not earned, but allows a trustee to escape that liability if he showed his dissent to the dividend in the manner therein provided.

But no qualification is made to this liability.

Various questions arose at the trial and have been discussed here, but a decision of this one, as to the effect upon these parties of this judgment against the company, will dispose of the case.

The statute declares this liability to be for "all the debts of the company" then existing. It may be urged with some plausibility that this judgment was certainly "a debt of the company," and for that the defendants were therefore liable.

In *Slee* v. *Bloom* (20 J. R., 669), this view seems to have been taken by Judge SPENCER as to a statute in this respect of similar terms.

The answer, I think, is, that as against these defendants that judgment did not legally exist, as they were neither parties nor privies to it.

Ordinarily, too, a judgment merges in itself the consideration upon which it was founded, and no action could subsequently be maintained on such consideration.

The same answer should be given to this position. It is not a judgment as to these defendants; no action could be maintained thereon against them.

It is scarcely sound to say that whatever is a debt against a third person (this company), is a debt against these defendants. A judgment against a third person, though void for fraud or collusion as to others, is valid against the judgment debtor. This is clearly so as to individuals, if not as to corporations.

It is conceded in all the cases that the judgment would be invalid as against these defendants if recovered by connivance—by fraud.

The right of action in this case arose, if ever, at the expiration of the twenty days from the first day of January, 1865. At that time the judgment had no existence. It was not recovered until June, 1866.

It is true that the plaintiffs aver defaults in the company in making said reports for the years 1866, 1867 and 1868, but no evidence was given of any default except in January, 1865.

Instead of prosecuting these defendants, the plaintiff, in 1865, and more than eight months after the right of action, accrued against these defendants, if it ever accrued, commences a suit against the company, and then claims that that judgment is conclusive against these defendants, as much so as if recovered against them, so far as regards the validity of the debt and its amount.

There is no statute, so far as I am aware (we have been referred to none), that makes any such recovery a prerequisite to a recovery in the action against the trustees.

Then why not sue the parties from whom it is intended to collect the judgment?

I have said that these defendants were neither parties nor privies to the judgment against the company. It is clear they were not parties; that judgment was against "The Gutta Percha Manufacturing Company" alone.

Were they then privies? There is no privity of blood, nor is there of interest. There is a privity of interest, at most, only as to the corporate property. The stockholders, who in this respect stand the same as the trustees, are bound by the judgment to the full extent of their interest in the company assets. (See as to privies *Campbell* v. *Hall*, 16 N. Y., 578.) The trustees represent the stockholders as to nothing but the corporate property. They were chosen for nothing else, and are vested with no other power.

So a judgment against representatives is not binding upon the heirs. (*Moss* v. *McCullough*, 5 Hill, 131; C. & H. notes to Ph. Ev., 921, 982; *Wood* v. *Byington*, 2 Barb. Ch. R., 392, 393; *Sharpe* v. *Freeman*, 45 N. Y., 802.) The analogy as to privity in the case at bar is very strong. There is quite as much ground for holding the heirs bound by a judgment against executors as for holding a judgment against the company to be binding upon the trustees.

In *Moss* v. *McCullough* (5 Hill, 131) Judge COWEN holds that stockholders made liable by statute, in certain cases, for the debts of the company upon failure of its assets, occupy the position of sureties to the company; and the court in

that case hold, in a well-reasoned opinion, that the stockholders are not bound by the judgment against the company.

It was afterward held that the stockholder was a principal debtor in such case, where made jointly and severally liable for the debt, though only after an execution returned unsatisfied against the company. (*Harger* v. *McCullough*, 2 Den., 119 ; *Moss* v. *McCullough*, 7 Barb., 295.)

If the stockholder be a surety, the judgment against the principal does not bind him. (See the case 5 Hill, 131, *supra*.) This court has decided the principle in *Decker* v. *Judson* (16 N. Y., 439 ; *Thomas* v. *Hubbell* (15 id., 405).

If he be a principal debtor with the company, each severally liable, then a judgment against one party, severally liable, has no force against another who is also severally liable.

If only jointly liable and sued separately, the judgment against the one discharges the other entirely at common law, not under our Code. If the other party jointly liable be joined in the suit, but not served, then the judgment concludes him as to the amount, when his liability is established. Would a judgment against any or all of these defendants be any evidence in a suit against the company of the debt ? Clearly not, though each judgment is against a principal liable for the debt.

In the case at bar, the defendants are strictly neither principal debtors with the company, nor sureties. The statute simply imposes a penalty upon them for the omission of a prescribed duty. It compels them to pay the debt of another.

I admit that there is as much ground, as a general rule, for holding these defendants as for holding stockholders—but not necessarily more. They do not necessarily have notice of the suit against the company, if one be brought. Service may be made upon some other officer. In this case, I think each of these defendants swears that he never heard of the suit against the company until this suit was commenced. I do not mean to say that the defendants might not have been bound by that judgment by their conduct in the actual defence of that suit against the corporation.

But if they have notice as trustees, there may be reasons for not defending, which would not exist if the suit were against them personally. The company may be without property, the debt as claimed may be just, and they suppose that the plaintiff will take judgment only for that sum, there is reason for supposing that the claim in this case was for less than the judgment recovered against the company.

There is no hardship in requiring a party to prove his case against these defendants. If he has sold the company goods, loaned it money or rendered it service, it is easily proved in this action. It seems to me that connivance and fraud are prevented by requiring such proof.

There are many contradictory decisions in this State upon this liability. I do not deem it profitable to review them. This court has been divided upon it, although in *Belmont* v. *Coleman* (21 N. Y., 96) a majority of those present seemed against it.

The decisions in the New England States have very little bearing, as they are founded upon entirely different statutes, generally making the stockholders judgment debtors by a recovery against the company and allowing execution thereon to be levied upon their property. (*Marcy* v. *Clark*, 17 Mass., 330.)

So of Iowa, although I admit that those courts have gone much farther in holding members of a corporation or *quasi* corporation for a judgment against it, than is held in our State.

Nor is the judgment *prima facie* evidence of the debt as against these defendants. There are many loose expressions to the contrary in the cases. Judge WILLARD, in the case in 7 Barb., makes the remark that it is at least *prima facie* evidence. This was said after endeavoring to prove that it was conclusive.

There is no ground whatever for holding this judgment binding upon these defendants, except upon the principle of *res adjudicata.* It is a judgment, and there is no element about a judgment of a *prima facie* character. As a judg-

ment upon the point, it is necessarily absolute and conclusive—a statute sometimes makes it *prima facie* merely. In any other case, it cannot be other than conclusive, if evidence at all. That is the inseparable character and nature of a judgment. It binds all parties and privies, whom it binds at all, upon the ground that that matter has been judicially examined by a competent tribunal and its judgment pronounced thereon. The judgment of another court thereon adds nothing to its finality. This is elementary. The authorities at this day are clear as to the effect of a judgment. (*Kingsland* v. *Spalding*, 3 Barb. Ch. R., 341 ; *Castle* v. *Noyes*, 14 N. Y., 329 ; *Doty* v. *Brown*, 4 id., 74.) It is not necessary to multiply authorities.

It has been held in some cases that a judgment is only *prima facie* when it is not pleaded where it might have been ; that the party has thus waived it as an estoppel. The better opinion is the other way, in reason and authority. (1 Greenl. Ev., 522–538, inclusive, and cases cited.) In the case at bar the judgment is pleaded. (*Bank* v. *Nias*, 4 Eng. Law & Eq., 252.)

The question involved in this case is not free from doubt or difficulty. It is not decided in this court, although the principles involved, I think, have been. (See *Witherhead* v. *Allen*, 3 Keyes, 562.) That necessarily holds that the judgment does not bind a stockholder. I think the principles of the law are better sustained by holding this judgment not evidence against these defendants; that they are neither parties nor privies to it, and that they should not be bound by it ; that for this, as for other claims, they should be personally served with process, and given an opportunity of trying the question of debt. I do not consider either of the other questions, as they may not recur on another trial.

The judgment should be reversed and new trial ordered, costs to abide the event.

All concur.

Judgment reversed.