NATIONAL BANK OF SCHUYLERVILLE, appellants, v. LASHER *et al.*

*Evidence — actions against members of joint-stock associations.*

Plaintiff held a note given in behalf of a joint-stock association, and signed by its president as such. Upon this note it brought suit against the association in the name of its president, as required by chap. 258, Laws of 1849, and obtained judgment. An execution was issued upon the judgment, and being returned unsatisfied, actions were brought to recover from the individual members and stockholders. The complaint set forth all necessary allegations, including the facts above mentioned. At the trial of this action

the judgment roll and proceedings in the former action were not admitted by the court as evidence, on the ground that the note, judgment and execution were against the president personally, and the complaint was dismissed. *Held*, that such exclusion was error.

APPEAL from a judgment dismissing the complaint and an order denying a new trial. The action was brought against certain members of a joint-stock association, the indebtedness being upon a note reading as follows:

"$250.        SCHUYLERVILLE, N. Y., *Oct. 12th*, 1868.

"Twenty days after date, for value received I promise to pay, to the National Bank of Schuylerville, two hundred and fifty dollars at the National Bank of Schuylerville, with interest.

"W. P. OSTRANDER,
"*Pres't of Old Saratoga Union Mercantile Association.*"

An action was brought upon this note in pursuance of the provisions of the statute (Laws of 1849, chap. 258) against the president of the association. In this action the summons, complaint, judgment and execution were each entitled thus: "National Bank of Schuylerville agst. William P. Ostrander, President of the Old Saratoga Union Mercantile Association."

Such other facts as are essential to an understanding of the case are given in the opinion.

*Chas. S. Lester*, for appellant.

*Pond & French*, for respondents.

J. POTTER, J. This is an appeal from a judgment dismissing the complaint herein, with costs, and order denying motion for new trial. This action was brought to recover of defendants, as stockholders and members of a joint-stock company or association known and called "Old Saratoga Union Mercantile Association," pursuant to the provisions of chapter 258, Laws of 1849 (4 N. Y. Stat. at Large, 650).

Previous to this action, an action had been brought, as required by said act, against said association, in the name of William P. Ostrander, its president, a judgment obtained and an execution against the property of the association issued and returned therein, unsatisfied, as claimed and alleged in the complaint in this action.

Upon the trial of this action, the judgment roll and proceedings in said former action were offered in evidence, and the same were excluded by the court upon the objections that the note described in said former action was the note of William P. Ostrander personally, and not the note of said association, and that the judgment and execution in that action were against said Ostrander personally, and not against said association.

Exception was taken to the ruling excluding such evidence.

The question to be considered is, whether the rejected evidence should have been received?

The object and purpose of the statute in question are very plain, from a perusal of its provisions.

These joint-stock associations were generally composed of numerous and frequently of widely separated members. They associated together for the purpose of trade and profit. They had not the character and privileges of corporations, and were subject to the disadvantages and inconveniences incident to copartnership.

To avoid the difficulties and embarrassments in the way of commencing actions and enforcing judgments against associations or copartnerships of this character, the statute in question was passed.

It provided that every such association might sue and be sued in the name of its president or treasurer, and that process might be served upon them instead of naming and serving all the associates, and, to relieve the individual property of the associates from levy and sale, that execution should, in the first instance, only issue against the property of the association, and that only after execution had been issued against the property of the association and returned unsatisfied, could the claimant maintain an action against the associates and resort to their individual property to satisfy his claim.

The statute in question is, therefore, remedial in its character and objects, and should receive a liberal construction from the courts in furtherance of justice.

It results from this statute, that before the claimant can proceed directly against the associates and their individual property, he must have exhausted the power of an execution against the property of the association, and he must, in his complaint in an action brought directly against the associates, allege such facts in addition to a cause of action against them.

Such additional facts were alleged in the complaint in this action,

and the proof offered to sustain them rejected, upon the ground before stated.

Manifestly, the object of the first action required by this statute is, to enable and compel the claimant to satisfy his claim out of the property of the association.

For that purpose it can only be necessary to allege, besides the facts required by that statute, a cause of action in general terms against the association, to the end that the president or treasurer served with process, may know that the action is not to recover a judgment against him, but against the property of the association.

With great respect for the views of the learned judge before whom this cause was tried, it would seem the record and proceedings offered, contained full and sufficient allegations to show William P. Ostrander, that he was not sued upon a personal liability, but upon a liability of the association of which he was president, and also, the facts constituting the liability of the association. The summons by which the action was commenced was served upon William P. Ostrander, and in the title of the action, " President of the Old Saratoga Union Mercantile Association, defendant," was subjoined to his name.

This was in literal compliance with the language of the statute, that the association " should be sued in the name of the president."

The complaint in the action accompanied and was served with the summons. The title of the action in the complaint is stated the same as in the summons.

Among other allegations the complaint contains these, " that the defendant, Old Saratoga Union Mercantile Association, was at the time hereinafter mentioned, and is now, a joint-stock association consisting of seven or more stockholders, and that said William P. Ostrander was then and is now president of said association; that as such president and by authority of said association, said Ostrander on the 12th day of October, 1868, at, etc., made his promissory note in writing, of which the following is a copy," (then follows copy of note) which was signed " W. P. Ostrander, President of Old Saratoga Union Mercantile Association;" then follow allegations of delivery to the plaintiff, for value received; demand of payment of defendant, and that the defendant is indebted to plaintiff, with prayer for judgment against defendant.

The complaint alleges the defendant to be " Old Saratoga Union Mercantile Association," and thereafter in the complaint defendant

means "Old Saratoga Union Mercantile Association," in the allegations of the demand of payment of defendant of indebtedness of defendant and prayer of judgment against defendant.

In the complaint in the first action (which is virtually an action against the association), all necessary allegations constituting a cause of action against the association, as well as full information to William P. Ostrander, that the action is brought to enforce not his personal liability but the liability of the association.

Where is the propriety in an action against William P. Ostrander personally, to allege that he was president of an association; that such association was composed of seven or more persons; that as such president he was authorized by said association to sign a note, and as such president did sign a note for said association; that said association is the defendant, and that defendant (said association) is indebted to plaintiff, with a prayer of judgment against such defendant.

These allegations can only be pertinent to a cause of action against the association, and they would seem to signify most manifestly a liability of the association, and not of William P. Ostrander personally.

The current of authorities is uninterrupted and uniform, that where the agent or officer is authorized to sign the principal's name to an obligation, and it appears from the face of the paper or from the attendant circumstances that the obligation represents a debt of the principal, and the holder or payee is cognizant of such facts, the agent or officer is not personally liable. *Bank of Genesee* v. *Patchin Bank*, 19 N. Y. 312, and cases cited; *Bank of New York* v. *Bank of Ohio*, 29 id. 619; *First National Bank* v. *Hall*, 44 id. 395.

The cases cited by the respondents do not hold a different rule. They are cases arising upon special demurrer, where formal or technical allegations were omitted, or where the complaint omitted the allegations that the defendants were trustees, or authorized to do the act, or that the debt was due to the testator.

On the contrary, the cases cited by respondents recognize the doctrine as above stated, and the decisions are predicated upon the omission of allegations such as or similar to those contained in this complaint.

Justice ALLEN, in *Root* v. *Price*, 22 How. 374, says, that an expression that the suit is brought by Root, as president, was sufficient. So Justice JAMES, in *Gould* v. *Glass*, 19 Barb. 179, intimates

that if the allegation had been as commissioners, it would have sufficed to show it was official and not personal.

But there is much less occasion for the application of technical rules to this case. The object of the first action was, as we have seen, to establish the liability of the association and enforce the same against its property. The summons and complaint contained ample notice of the character of the claim, and so plainly that William P. Ostrander was not misled into a defense by supposing the action could result in a personal judgment against him.

The association suffered judgment to pass against them by default; and now, after execution has been returned unsatisfied, plaintiff brings his action, as he was obliged to do formerly, against the associates or copartners directly.

In this action the plaintiff must and does allege all that he was required to prove formerly, to make the associates liable.

In addition, he must allege and prove a recovery of a judgment against the association, and the issuing and return of an execution against the property of the association unsatisfied. *Witherhead* v. *Allen*, 3 Keyes, 562.

The associates are not therefore injured. Nothing of liability has been established against them, or of defense taken from them by the first action.

They are at full liberty to contest the liability of the association, or of themselves in this action. *Miller* v. *White*, 8 Abb. N. S. 46; *Conklin* v. *Farman*, id. 161; *Miller* v. *White*, 50 N. Y. 137.

The judgment dismissing the complaint in this action, and the order denying a new trial should be reversed, and a new trial be ordered — costs to abide the event.

PARKER and BOARDMAN, JJ., concurred.

*Judgment and order reversed, and new trial granted.*