## GIDEON G. STEPHENS, RESPONDENT, *v.* SAMUEL H. FOX, APPELLANT.

*Action by a creditor of a corporation against one of its stockholders, to recover an unpaid subscription — a judgment against the company is evidence of the debt — effect of § 10, chap. 140 of 1850, as amended by chap. 282 of 1854.*

In an action brought by a creditor of a railroad company, under section 10 of chapter 140 of 1850, as amended by chapter 282 of 1854, against a stockholder, to recover the amount unpaid on his subscription to the capital stock thereof, a judgment recovered by the plaintiff against the company is admissible, and establishes *prima facie* that, at the time of its recovery, the plaintiff was a creditor of the company, and also in the absence of proof of fraud or collusion, the validity and amount of the debt then due to him.

*Miller* v. *White* (50 N. Y., 137); *McMahon* v. *Macy* (51 id., 155), distinguished.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*H. J. Cookinham*, for the appellant. The judgment of plaintiff's assignors against the company was neither conclusive nor *prima facie* evidence of a debt against said company, as between this plaintiff and a stockholder. (*Miller* v. *White*, 50 N. Y., 137; *Moss* v. *McCullough*, 5 Hill, 131; *Strong* v. *Wheaton*, 38 Barb., 616; *McMahon* v. *Macy*, 51 N. Y., 155; *Conant* v. *Van Schaick*, 24 Barb., 87.)

*W. H. Bright*, for the respondent. The plaintiff's judgment is sufficient, competent and proper evidence to prove the plaintiff to be a creditor of the railroad company, and establishes a debt and liability of such company within the meaning of the statute. The amount due upon the defendant's stock is an asset of the company, and as such would pass to a receiver or assignee, who could sue for and collect the same. (*Rankin* v. *Elliott*, 16 N. Y., 377; *S. C.*, 14 How., 339; *Mills* v. *Stewart*, 41 N. Y., 389; *Mann* v. *R. R. Co.*, 3 id., 415; *Morgan* v. *R. R. Co.*, 10 Paige, 290.) As an asset of the company it could certainly be reached by proceedings under section 294 of the Old Code. (*Gibson* v. *Haggerty*, 37 N. Y., 555; *Loraher* v. *Mayor, etc.*, 7 Abb., 248; *Ballston*

*Bank* v. *Marine Bank*, 18 Wis., 490; *Baker* v. *Kenworthy*, 41 N. Y., 215.) The capital stock of a corporation is a trust fund set apart for the payment of its debts. (*Sanger* v. *Upton*, 91 U. S. S. C., 57, 60; *Bartlett* v. *Drew*, 57 N. Y., 587.) The amount due and unpaid on the defendant's stock is a part of the capital stock of the Midland Railroad Company, as much as the cash which has actually been paid in. (*Sanger* v. *Upton*, 91 U. S., 56; *Webster* v. *Upton*, id., 65; *Sanger* v. *Upton*, 13 B. R., 226; *Upton* v. *Tribitcock*, 91 U. S., 45; *Nathan* v. *Whitlock*, 9 Paige, 152; *Ogilvie* v. *Knox Ins. Co.*, 22 How. [U. S.], 384; 13 Wis., 63.) A judgment against a corporation is conclusive, and binds all the stockholders therein, to the extent of their interest in the capital stock. (Angell & Ames on Corp., § 615; *Slee* v. *Bloom*, 20 Johns., 668, 682, 684; *Miller* v. *White*, 50 N. Y., 137, 142; *Moss* v. *Oakley*, 2 Hill, 265; *Moss* v. *McCullough*, 7 Barb., 279; *Moss* v. *Averell*, 10 N. Y., 452; *Burr* v. *Wilcox*, 22 id., 551, 556.) The rule now established that in actions under the various statutes making stockholders and trustees of certain corporations liable for the corporate debts, because of their own or others fault, fraud or negligence, the judgment against the company is no evidence of the debt, has no application to this case. (*Hastings* v. *Drew*, 5 N. Y. Weekly Dig., 468; *Stephens* v. *Fox*; Last Term.) There is a wide distinction between that class of action and the present one. (*Nathan* v. *Whitlock*, 9 Paige, 152, 159; *Corning* v. *McCullough*, 1 Com., 47; *Bird* v. *Hayden*, 1 Rob., 383; *Merchants' Bank* v. *Bliss*, id., 391; *S. C.*, 35 N. Y., 412; *Stoddard* v. *Denison*, 2 Sweeney, 65; 5 Weekly Dig., 338; 5 Hun, 210.)

Talcott, P. J.:

This is an appeal from a judgment entered on the report of a referee.

The action is brought by the plaintiff as the assignee of a judgment for $13,000 and upwards, recovered in 1873, by Willard H. Bennett and others against the New York and Oswego Midland Railroad Company, and is brought against the defendant as a stockholder of the said company to recover the amount unpaid on his stock subscription under section 10 of the general railroad

act as amended in 1854 (ch. 282), which provides as follows : " Each stockholder of any company formed under this act shall be individually liable to the creditors of such company to an amount equal to the amount unpaid on the stock held by him, for all the debts and liabilities of such company, until the whole amount of the capital stock so held by him shall have been paid to the company." The referee reported in favor of the plaintiff for the amount of stock subscribed for and held by the defendant, deducting the amount that the defendant had already paid thereon.

The only question of any importance presented on this appeal is, whether the judgment recovered against the company constituted any evidence as against the defendant, that the plaintiffs in that judgment were at the time of the recovery thereof creditors of the railroad company, and comes up upon an offer of the record of the said judgment in evidence, which was objected to by the defendant, " as insufficient, incompetent and improper," which objection was overruled and the defendant excepted.

We can have no doubt but that the proof of the judgment against the company was admissible in evidence against the defendant, and that it, *prima facie*, established the fact that the plaintiffs were, at the time of the recovery of the judgment, creditors of the railroad company, and that in the absence of proof of fraud or collusion it established the validity and amount of the debt due from the company to the plaintiffs in the judgment.

The amount due to the railroad company from the defendant on his stock subscription was an asset of the railroad company and was pursued as such. It would have passed to a receiver or an assignee of the company. The action is in effect an action against the railroad corporation to reach certain of its assets and effects which, under the provisions of the statute referred to, may be recovered against its debtor by an action at law. The plaintiff is seeking to collect a debt against the railroad company, and in so doing pursued, as he has a right to do, one of the company's debtors, a delinquent stockholder. Whatever establishes that debt against the company establishes that debt against the defendant. The amount due and unpaid on the stock subscribed for and held by the defendant is a part of the capital stock of the railroad company, and is liable for the debts of the railroad company as

much as though it had actually been paid in and was in the possession of the company in cash. (*Sanger* v. *Upton*, 91 U. S. [1 Otto], 56; *Webster* v. *Upton*, id., 65; *Upton* v. *Tribilcock*, id., 45; *Nathan* v. *Whitlock*, 9 Paige, 152), and without the aid of the statutory provision, the defendant might have been proceeded against by an ordinary creditor's bill as the garnishee of the railroad company. (*Ogilvie* v. *Knox Ins. Co. et al.*, 22 How. [U. S.], 380), and in such case the judgment would, of course, have been conclusive evidence on the plaintiff's behalf of the existence of the debt. (See, also, *Sagory* v. *Dubois*, 3 Sandf. Ch., 466.)

The admissibility of the judgment in evidence in such cases was decided in *Hastings* v. *Drew*, etc. (4 Weekly Dig., 468), which was affirmed in the Court of Appeals on the 21st of January, 1879.

The cases of *Miller* v. *White* (50 N. Y., 137), and *McMahon* v. *Macy* (51 id., 155), relied upon by the defendants are cases in which the action was brought to enforce a liability against the stockholder created by statute, and have no application to a case where it is merely sought to take the effects of a corporation and apply them to the payment of the debts due from the corporation to its creditors. The judgment in such case is conclusive against the party holding any of the assets of the corporation, irrespective of the fact that he is a stockholder. (*Bartlett* v. *Drew*, 57 N. Y., 587.)

The judgment should be affirmed.

SMITH and HARDIN, JJ., concurred.

Judgment affirmed.