## JOHN E. KRAFT, Respondent, v. SAMUEL D. COYKENDALL and Others, Appellants.

*Action to charge trustees of a manufacturing corporation with its debts — the trustees are not bound by a judgment recovered against the company.*

Upon the trial of an action, brought by a creditor of a manufacturing corporation against certain of the trustees thereof to enforce the liability imposed upon them by the statute for a failure to file a report, the plaintiff proved, among other things, the original indebtedness of the company to him, and the recovery by him of a judgment therefor against it, and the return unsatisfied of an execution issued thereon. The referee thereupon held that the defendants were entitled to appear in the action brought against the company, and to prove and establish in that action any defense arising subsequent to the accruing of the debt, and that by their failure so to do the judgment recovered therein conclusively estopped them from disputing or further litigating the claim:

*Held*, that this was error; that the defendants were not concluded in any respect by the judgment against the corporation, as they were neither parties nor privies to that action.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*S. L. Stebbins*, for the appellants.

*William Lounsbery*, for the respondent.

BOCKES, J.:

This is an appeal by the defendants from a judgment, entered on the decision of a referee.

The action was brought to charge the defendants, trustees of a joint-stock company, organized under and pursuant to the act of 1848 (chap. 40, Laws of 1848), with the debt of the company, because of the omission to make and file an annual report, as required by section 12 of that act.

The fact of the organization of the company ; that the defendants were its trustees at the time the alleged indebtedness to the plaintiff accrued, and that an annual report had not been made, published and filed, as required by law, are not controverted on this appeal. Nor is it dipsuted — although not necessary to the plaintiff's case — that judgment had been recovered by the plaintiff against the association prior to the bringing of this action for his claim, and that execution issued thereon had been returned unsatisfied.

The question raised on this appeal relates to the proof put in before the referee, on the part of the plaintiff, to establish his claim against the association. The existence of such debt and demand was, of course, essential to his right of recovery, and he was bound to establish it by other evidence than that afforded by his judgment. This was decided in *Miller* v. *White* (50 N. Y., 137). Now, in this case, evidence was given of the original indebtedness of the company to the plaintiff, and following and in addition to such proof, the plaintiff put in evidence his judgment recovered against the association therefor. The referee held that the plaintiff had proved and established his claim by evidence other than that of the judgment, which evidence, if undisputed, was amply sufficient to warrant a report and judgment in his favor. But he further held — and this presents the question raised on this appeal — that the defendants, by reason of the litigation and adjudication in the plaintiff's action against the association, and the judgment therein, were estopped from disputing or further litigating the claim ; and this because they had an opportunity to prove and establish, on the trial of that action, payment or other defense arising subsequent to the accruing of the debt. By this ruling the defendants insist that they were foreclosed in the matter of their defense. The holding that the judgment was conclusive against the defendants in any respect was, as we think, directly in conflict with the decision in *Miller* v. *White*. It was there held that the judgment in a case precisely like the present was neither conclusive nor

*prima facie* evidence of the debt. The entire reasoning of the learned judge in his opinion is to the effect that, as against the defendants, there had been no adjudication of any question affecting their immediate right; that as against them the "judgment did not legally exist." Such is the language of the opinion in the case cited. The ground of the ruling by the referee was that the defendants had notice of the action against the association and participated in its defense — hence that they should be concluded because of their relation to it, the same as privies to it would be bound and estopped. But such reasoning and conclusion is not sound. Unless parties or privies they could not be bound by the judgment; and it was held directly in *Miller* v. *White* that the defendants were neither. It was then said in terms " the defendants were neither parties nor privies to the judgment against the company. It is clear they were not parties; the judgment was against the company alone. Were they then privies? There is no privity of blood *nor is there of interest.* There is a privity of interest, at most, only as to the *corporate property.*" So they conducted the defense as they might, and as perhaps they were bound to do, as members and officers of the association. Not in their individual capacity. In speaking to this point Judge RAPALLO says, in *Stephens* v. *Fox* (83 N. Y., 317), "it was not in the power of the corporation to admit away his (the trustee's) case, or suffer a recovery which should be binding upon him and create, as against him, a liability to which he was not previously subject." So in *Rorke* v. *Thomas* (56 N. Y., 565), Judge CHURCH remarked in speaking to the same point, "a judgment against the company was neither necessary to the liability of the defendants nor were they bound by it;" and he adds, "it is said that they wrongfully defended the action. It was their right to do so as trustees, and we cannot say it was not their duty." Here is a clear intimation that although the trustees should participate in and conduct the defense as trustees, they would not be concluded by the judgment rendered in the action in another suit against them personally under the statute. (See, also, *Jones* v. *Barlow*, 62 N. Y., 202–205 ; also dissenting opinion by DANIELS J., in *Tyng* v. *Clark*, 9 Hun, 274, which is now unquestionably well settled law; also *Esmond* v. *Bullard*, 16 id., 67, affirmed in Court of Appeals, 79 N. Y., 404;

also *Whitney Arms Company* v. *Barlow*, 63 id., 62.) We are cited by the respondent's counsel to cases where it is held that persons other than parties to the action are concluded by the judgment rendered therein; but those cases are limited in their application to instances when such persons had a direct interest in the subject matter of the suit, with the right to make defense, control the proceeding, and to appeal if so advised. Such was not the case here under examination. Here the action against the trustees personally was given by the statute; was an action wholly independent of the action against the company. So Judge ALLEN says in *Whitney Arms Company* v. *Barlow*, "the naked admissions of the corporation, or *judgment against the corporation*, are not evidence against the trustees. They are *res inter alios acta*." To the same effect is the language of Judge RAPALLO, above cited, that it was not in the power of the corporation to admit away the trustees' case or to suffer a recovery which should be binding upon them. Now the referee held in accordance with the decision in *Miller* v. *White*, and with all others since made involving the question, to the effect that the judgment against the corporation was not conclusive or binding upon the trustees in the action against them, under the statute, as to the existence of the original cause or ground of action. But he further held, against the logic of those decisions, and indeed, as we think, against their clear expression, that it was conclusive upon them to shut out any defense they might interpose, subsequently arising. The ground of the decision, holding that the judgment in the action against the corporation was not conclusive against the trustees is that they were neither parties nor privies to that action. This is the ground of decision put forward in all the cases. This ground of decision equally applies to all matters litigated in the action, or which might have been there litigated. The trustees were as much privies to the original cause of action as they were to matters of defense. If the adjudication was not final and conclusive as to one matter, and that the principal one—the cause of action itself—it was not final and conclusive as to other matters litigated. So if it was open to the trustees to show that there was not originally any indebtedness, it must follow that it was open to them to show that the indebtedness had been paid, or had become for some reason non-obligatory. The judgment was effectual by way of estoppel as

to all matters litigated in the action, or it was not effectual as to any. But the cases hold that it was neither conclusive nor even *prima facie* evidence of the debt as against the trustees; as stated by Judge PECKHAM in *Miller* v. *White,* as against them, "the judgment did not legally exist." If without legal existence, it could not operate as an estoppel in any respect. In that view the case was the same as if there were no judgment. We conclude, therefore, that there must be a new trial, and the judgment should be reversed and new trial granted, costs to abide the event, and referee discharged.

Present—LEARNED, P. J., BOOKES and LANDON, JJ.

Judgment reversed, new trial granted, costs to abide event.