<div style="float:right">
43h 377
f 64ad 3
64ad 4
</div>

HORACE J. ALLEN, APPELLANT, *v.* GEORGE C. CLARKE, RESPONDENT.

*Failure of trustees to make the report required by section 12 of chapter 40 of 1848, as amended by chapter 510 of 1875 — a judgment for costs is not a debt within the meaning of that section.*

A judgment for costs against a corporation, recovered in an action for trespass commenced by it, is not such a debt of the corporation as will make a trustee thereof liable therefor because of a failure to make the report required by section 12 of chapter 40 of 1848, as amended by chapter 510 of 1875.

APPEAL from an interlocutory judgment, entered in St. Lawrence county, overruling a demurrer interposed by the plaintiff to the third defense set up in the defendant's answer.

The action was brought against the defendant as a trustee of the Clifton Mining Company, a corporation organized under the act of 1848, for the incorporation of mining and other companies, to recover the amount of an alleged debt of the company, as a penalty

for not making an annual report of the capital paid in, and the debts due from said company.

The complaint alleges as the foundation of the plaintiff's claim that the said Clifton Mining Company began an action against Starbuck, McCarty & Co. (the plaintiff's assignors), for the wrongful taking and carrying away of certain logs from the lands of said company, and the conversion of the same; that said Starbuck, McCarty & Co. interposed a defense, and that such proceedings were duly had therein that judgment was rendered in their, the defendants' favor, for $704.37 on September 21, 1885; that said judgment was afterwards duly assigned to the plaintiff, and the complaint then proceeds to allege the defaults of the company in the years 1886, 1885 and 1884. The third defense in the answer alleges that the said judgment was recovered for the costs and disbursements of the defendants in the action brought against them by the company, and not otherwise, and that the action was brought for the cause of action set forth in the complaint, viz., conversion. The plaintiff thereupon demurred to the third defense, and the Special Term overruled the demurrer. From the interlocutory judgment entered thereon, the plaintiff brings this appeal.

*E. H. Neary*, for the appellant.

*Louis Hasbrouck*, for the respondent.

LEARNED, P. J.:

The single question presented by this appeal is, whether a judgment for costs against a corporation in an action for trespass commenced by it is such a debt of the corporation that the defendant, a trustee, is liable therefor, on the ground of the failure to make the report required by the twelfth section, chapter 40, Laws 1848, as amended by chapter 510, Laws of 1875.

The judgment was recovered September 21, 1885. The failure to make the report was in January, 1884, 1885 and 1886. The last only is material. The judgment was in January, 1886, an existing debt; and, if a report had been made, should have been included therein as such. But the liability expressed is: "for the debts of the company then existing and for all that shall be contracted before such report shall be made." These words, "shall be contracted," explain the words "existing debt," and limit them to such debts as

the corporation has contracted. In no accurate sense can the corporation be said to have contracted this judgment for costs, although a judgment is sometimes spoken of as a contract.

The case of *Miller* v. *White* (50 N. Y., 137) seems decisive of this case. In that case it was held that the judgment against the corporation was not even *prima facie* evidence of the debt against a trustee in an action like the present. It was held to be necessary, therefore, to prove the debt by evidence other than the judgment. To do that would be impossible in this case. There was no debt prior to the entry of the judgment. No proof could be given (other than the judgment) of any debt of the corporation, because no such debt existed prior to the judgment. And if the judgment is not even *prima facie* evidence, then no evidence can be given; and for a very good reason, viz., that the corporation owed no debt until the entry of the judgment made it a debtor. The spirit of the statute does not embrace this case.

The interlocutory judgment should be affirmed, with costs.

MAYHAM, J., concurred; LANDON, J., concurred on first ground.

Judgment interlocutory affirmed, with costs, with leave to withdraw demurrer on payment of costs.