Sturm v. Potter.

---

# IN GENERAL TERM.

FREDERICK C. STURM, appellant, *v.* WILLIAM J. POTTER, Constable of Decatur County.

Appeal from RAND, Judge.

## WARRANT—*for arrest of fugitives*—HABEAS CORPUS.

A Warrant for the arrest of a fugitive may be served in any county in the State, by the Constable to whom the warrant was issued, in the county where the offense was committed: *Provided*, the certificate of the County Clerk is attached, showing that the Justice of the Peace issuing the warrant, is duly commissioned, and qualified as such, and that his signature thereto is genuine. *Sec. 8, G. and H. 621, and 2, G. and H. 319, construed together.*

Frederick C. Sturm filed his petition in this Court, alleging that William J. Potter is unlawfully restraining him of his *liberty*, and praying for a writ of Habeas Corpus. The writ was issued and returned, and Potter in his return says, that he holds said Sturm by virtue of a writ issued by a Justice of the Peace, of Decatur County, to him, as Special Constable of said county, directing him to arrest said Sturm and bring him forthwith before said Justice, to answer to a charge of obtaining goods under false pretences, in Decatur County. The writ, affidavit upon which it was issued, and the Clerk of Decatur County's certificate of the *genuiness* of the writ issued by the Justice, is made part of the return. Exceptions were filed to the return, which were overruled and excepted to, and a denial of the return to the writ of Habeas Corpus was filed—the cause heard at Special Term, and Sturm was remanded to the custody of Potter. From this judgment Sturm has appealed to General Term.

The only question raised is, as to the sufficiency of the return to the writ of Habeas Corpus. It is contended that a Constable of Decatur County cannot *execute a writ* in Marion county, issued to him by a Justice of the Peace for Decatur County, commanding him to arrest a person charged with a crime committed in Decatur County.

*Section* 8, of an act prescribing the number, and defining the powers and duties of Constables, approved May 27, 1852, 2 *G. and H.*, 621, reads as follows:

" In executing a warrant for the apprehension of any fugitive from justice, who has fled into another county, from any county in this State, a Constable may arrest such offender in any county where he may be found; but if such offender shall require it, he shall not remove him from such county, without taking him before some officer authorized to issue and try writs of Habeas Corpus, and giving such offender time to make application for such writ."

This would seem to confer ample authority on a Consta-
ble of one county, when he has a proper writ charging a
criminal offense, committed in such County, to follow the
alleged culprit into any other county in the State and arrest
him, and take him before the justice who issued the writ,
first giving him an opportunity to apply for a writ of Habeas
Corpus, if he desires so to do.

The second section of the justice's act, as amended Decem-
ber 2, 1865, 3 *G & H.*, 319, reads as follows:

"Any justice shall, on complaint made on oath before him,
charging any person with the commission of any crime or
misdemeanor, issue his warrant for the arrest of such person,
and cause him to be brought forthwith before him for trial, or
examination, and such warrant may be served throughout
the county; and when the defendant has escaped from the
county in which the offense was committed, upon attaching
a certificate of the Clerk of the county, setting forth that the
justice issuing the warrant is duly commissioned and quali-
fied as such, and that his signature is genuine, the same may
be served by any constable or sheriff *in* any county in which
the defendant may be found."

It is urged that this section only authorizes a constable, or
sheriff of the county to which the fugitive has fled, to make
the arrest.

We cannot concur in this view. We think a proper con-
struction of this section authorizes a constable, or sheriff, of
the county in which the offense was committed, to arrest the
fugitive, in any county where he may be found, by virtue of
a warrant issued by a justice of the peace in the county
where the offense is committed.

The warrant in this case is issued to Potter, as special
constable of Decatur County. It certainly could not have
been contemplated by the Legislature, that this warrant
should be transferred to a constable of Marion county, or
that it should be returned to the justice, and a new one be

Sturm *v.* Potter.

issued to Marion county—and if in the mean time the fugitive had slipped into an adjoining county, a new warrant should be obtained, directed to a constable of that county. This construction would give an adroit fugitive all the chances of escape he would desire.

We think that when he found that Sturm had fled from Decatur county, he had a right to get the Clerk's certificate attached to the warrant, and then pursue, and arrest the fugitive in any county in the State.

Under this view the two sections work harmoniously together.

We have been referred to "An Act concerning fugitives from justice," approved May 27, 1852, 2 *G. & H.*, 431, but we think it in no way conflicts with the duties we have referred to. It provides for proceedings in the county where a fugitive may be found, for his arrest and return to the county where the crime was committed. This is another means by which fugitives may be arrested and returned.

In the cause at bar the parties have adopted another course, and one we think equally legal.

The judgment remanding the criminal at Special Term, is affirmed.