THOMAS JONES, Respondent, v. SAMUEL L. M. BARLOW et al., Appellants.

The liability imposed by the general manufacturing act (§ 12, chap. 40, Laws of 1848) upon trustees of a corporation, organized under said act, to pay the debts of the corporation in case of failure to file the annual report required by the act, is subject to the same conditions and qualifications that attach to the original indebtedness; and whatever will defeat or abate an action against the corporation will be a defence to the trustees. They are only liable to an action for debts actually due, and for which a present right of action exists against the corporation. (FOLGER, J., dissenting.)

Statement of case.

Accordingly, *held* (Folger, J., dissenting), where an indebtedness of the company fell due during the time its trustees were in default for not making such report, for which notes were given which were renewed, and an action was commenced against the trustees to enforce the statutory liability prior to the maturity of a portion of the renewed notes, that plaintiff was only entitled to recover the sum actually due from the corporation at the time of the commencement of the action.

Regarding the defaulting trustees simply as sureties, they are not discharged by giving to the corporation time for payment, as the act of extension is to be regarded as a transaction between them and the creditor, and they thus assent to it.

The short statute of limitations (Code, § 92) made applicable to such actions only begins to run from the time a cause of action accrues, not from the time of default in making the report.

As to whether trustees, made liable for a debt under the statute, will, upon payment by them, be subrogated to the right of the creditor against the corporation, *quære*.

The required annual report must be filed each year after the organization of the corporation; the fact that it has not commenced business at the time prescribed for such filing, is not an excuse for an omission so to do ; the information called for is not intended for the benefit of those who have, but of those who may, become creditors. (Folger, J.)

(Submitted April 22, 1875; decided June 1, 1875.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought against defendants as trustees of the American Seal-Lock Company, a corporation organized under the general manufacturing act (chap. 40, Laws of 1848), to enforce the liability imposed by section 12 of said act, by reason of failure on their part to file an annual report in January, 1871. The corporation was incorporated May 17th, 1870.

Plaintiff, during the year 1871, sold and delivered to the corporation goods for which, on the 26th December, 1871, it was indebted to him in the sum of $6,292.68. The company gave its notes for the amount. On June 6th, 1872, these notes were taken up, and ten new notes given, severally maturing

the first one month from date, and the others successively at intervals of one month.

This action was commenced February 7th, 1873. At that time three of the notes were not due. At the close of the evidence defendants' counsel moved to dismiss the complaint, which was denied. Said counsel requested the court to charge, that for the amount of the three notes not due at the commencement of the action plaintiff could not recover. The court refused so to charge. The court directed a verdict for the full amount of the indebtedness. To which several rulings said counsel duly excepted.

*W. W. MacFarland* for the appellants.

*D. M. Porter* for the respondent. Defendants' liability was in the nature of a tort and not of a contract. (*Strong* v. *Sproul*, 4 Daly, 326 ; *Andrews* v. *Murray*, 33 Barb., 354 ; *Miller* v. *White*, 50 N. Y., 137 ; *Mer. Bk.* v. *Bliss*, 35 id., 412.) Defendants are liable for the indebtedness existing at the time of the default. (*Vincent* v. *Sands*, 1 J. & S., 511 ; *Deming* v. *Puleston*, id., 231 ; *Wright* v. *Storrs*, 6 Bosw., 600 ; affirmed, 32 N. Y., 691.) The debt having become due before the extension, defendants not being parties to it, the time for them to pay would not be extended by any extension of the contract as against the company. (*Mer. Bk.* v. *Bliss*, 21 How., 365, 371 ; *Venell* v. *Salmon*, 22 Barb., 647 ; *O'Toole* v. *Garvin*, 3 S. C., 118 ; *Thomas* v. *Austin*, 4 Barb., 265 ; *Paige* v. *Willet*, 38 N. Y., 28 ; *Johnson* v. *McIntosh*, 31 Barb., 267.)

ALLEN, J. The appellant and his cotrustees of the American Seal-Lock Company, became liable for the debts of the corporation by reason of the failure of the corporation to make and file a report as required by law. There was a default in making such report in January, 1871. The entire indebtedness accrued and became due between May, 1871, and January, 1872, after the default in making the report and before any report had been made and filed.

The trustees of the corporation became, and were from the time the debt was contracted, liable for its payment under the statute. (Laws of 1848, chap. 40, § 12.)

The statute is, that upon the failure to make the report mentioned, "all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing and for all that shall be contracted before such report shall be made."

Their liability is coextensive and concurrent with that of the corporation. It is subject to the same conditions and qualifications that attach to the original indebtedness and whatever would defeat or abate an action against the corporation will serve as a shield and defence to the trustees.

If the debt of the corporation is qualified or payable in the future it does not become an absolute obligation or a debt payable *in presenti*, when sought to be enforced against the trustees. No penalty attaches for the default if there be no debt, it is the debt which under the statute gives the right of action and which is recovered. If there be no obligation giving a present right of action against the company, no debt or duty which may be presently demanded from the corporation, there is no debt or duty which can be demanded under the statute as a penalty against the trustees. The language of the act is quite explicit and imposes the liability for "the debts of the company;" and there is no debt within the meaning of the statute if the day of payment has not arrived. The object of the statute was to give to the creditors of corporations, founded under it, security for the performance of the obligations and payment of the debts of the company. The creditor gets all the protection designed by the statute if he has a cotemporaneous and concurrent remedy against the defaulting trustees and the company. Although the obligation is wholly statutory and adjudged to be a penalty, it is in substance as it is in form, a remedy for the collection of the corporate debts. The act is penal as against the defaulting trustees but is remedial in favor of creditors. The liability of defaulting trustees is measured by the obligation of

the company, and a discharge of the obligations of the company or a release of the debt, bars the action against the trustees. No action lies for any penalty independent of a debt due by the corporation ; so too a recovery, against the trustees and a payment by them of the recovery operates to discharge the obligation of the company to the creditor, and bars an action at his suit. The remedies against the company and the trustees are concurrent but there can be but one satisfaction. Whether the trustees would be subrogated to the right of the creditor against the corporation, upon payment by them, will not be considered. The penalty is incurred by the default but the liability to any individual creditor does not become absolute until a debt shall exist which is within the terms of the statute, and a default in payment has been made by the corporation. It would not be contended by any one that for merchandise sold the corporation, upon an agreed credit, while the trustees are in default for not making the statutory report, an action would lie against the trustees at once, and before the expiration of the term of credit. The law does not vary the contract of the parties, or absolve either from its performance or an observance of its terms. In such cases there would be a liability, but it would be dormant, and not constitute a cause of action until the debt shall become due. If this be so, it follows, as a necessary sequence, that if, after the debt should become payable by the corporation, the right to demand payment and the cause of action against the corporation should, by the act and consent of the creditor, be suspended, the liability of the trustees, as the incident of the *principal* obligations, would become suspended, *pro tempore dormant,* to be revived by a new default of the corporation. Whatever limitations and conditions attach to the corporate and primary obligations, whether attaching to it at its inception or growing out of subsequent lawful agreements of the parties, necessarily limit and qualify the liability of the trustees, which, as before said, although final in its character, as adjudged as founded upon the debt, can only be enforced

by reason of its existence, and according to the terms annexed to it.

*The Merchants' Bank of New Haven* v. *Bliss* (35 N. Y., 412), applies the short statute of limitations, prescribed to actions for penalties by section 92 of the Code, to this class of actions, but does not purport to define who are " creditors" authorized to sue, or from what time the statute begins to run. It can only commence to run from the time a cause of action accrues. It does not begin to run from the time of the default in making the report, else, upon a continued default of three years or more, no action would lie against the trustees for debts contracted after that time. *Miller* v. *White* (50 N. Y., 137), is only authority for the statement that a judgment against the corporation is not evidence of the existence of the debt as against the trustees. This does not militate against the claim of the appellant that the debt against the corporation, however it may be proved, must be actually due at the time of the commencement of the action against the trustees.

The principle which is invoked, that the trustees are not, technically and conventionally, sureties of the corporation, and, therefore, are not discharged from their liability by dealings of the creditor with the primary debtor, does not aid the plaintiff. The liability may be collateral to the original undertaking and still not capable of being enforced, except at the time and upon the terms and conditions prescribed by the original and primary obligation. A sufficient reason would exist for not holding the trustees discharged by giving time to the principal, even if the strict relationship of surety existed. The act of extension is the act of the trustees, and, regarding them as sureties, they have assented to it, and are, therefore, not discharged. ( *Wright* v. *Storrs*, 32 N. Y., 691.) Upon the same principle, the act of extension being regarded, as it must, a transaction between the creditor and the trustees, it cannot be presumed that, the time of payment of the original debt having been extended upon good consideration, either party contemplated that the trus-

tees, thus arranging and agreeing, could be sued the next moment for the same debt. Such an action would be a breach of good faith, even if allowable by a strict interpretation of the act. But, I am of the opinion that the trustees are not liable to an action, except for debts actually due, and for which a present right of action exists against the corporation. It follows from these views, that the plaintiff was not entitled to recover, except for the sum actually due from the corporation at the time of the commencement of the action. This would exclude from the recovery the three notes, two for $629.26 each, and one for $629.34, payable, respectively, in eight, nine and ten months from the date thereof, with the interest thereon.

The judgment must, therefore, be reversed, and a new trial granted, costs to abide event, unless the plaintiff stipulates to reduce the recovery by deducting from the judgment the sum of $1,187.86, and interest from June 6, 1872, to the 18th of March, 1874, amounting, in the aggregate, to $2,056.44; and, in case the plaintiff so stipulates, the judgment, as thus modified, is affirmed, without costs to either party in this court.

Folger, J. (dissenting). I do not yield to the contention of the defendant, that no report need be filed until after the company has commenced business in fact. The report is to be filed each year, within twenty days from the first day of January. This means each year after the organization. If it is not filed within that time, because the company has not then had an actual business transaction, may it have that transaction on the twenty-second day of the year, and go on the whole year after, without giving the protecting information to the public which the statute provides for? The act looks to a filing of the report annually after the organization, so that throughout the year, commencing the actual operations when the company may in the year, those about to deal with it may have the information called for by the statute. The information is not by the intent of the act deemed of use

to those who have become creditors of the company, so much as to those about to; and as actual business may begin on any day in the year, so on any day in the year, after the prescribed number of days have passed, should those of whom it asks credit have access to an authentic report of its condition. (*Garrison* v. *Howe*, 17 N. Y., 458–465.) Moreover there is testimony in the case of business transactions before the 1st day of January, 1871, the year of the failure to file a report.

The other positions taken by the appellant are to be disposed of according to the view which is taken of his relation to the company and its creditors, growing out of his official position in the company, and the neglect to file a report. If a trustee who, by the neglect of the company to file a report, has become liable for the debts of the company then existing, is to be treated as a surety for the company, and as having a surety's right of reclamation upon his principal for the amount paid by him, and other rights and privileges of a surety, it may be that the points made by the appellant have plausibility in them. But if the liability to pay the existing debts, which by reason of the neglect falls upon the trustee, is to be treated as if a penalty or forfeiture, laid upon him as a wrongdoer, for his punishment, and if he has no such right of reclamation against the company, no relation of surety to it, no right of contribution from his cotrustees save a statutory one, those points have no soundness.

It may be doubted whether it is technically correct, to call the liability imposed by this statute a penalty. Penal statutes are those which impose a forfeiture on such as transgress the provisions of them; but where the statute only gives a remedy to the party aggrieved it shall not be considered as a penal statute. (*Wynne* v. *Middleton*, 1 Wilson, 125; *Woodgate* v. *Knatchbull*, 2 T. R., 148–154; *Bellasis* v. *Burbriche*, 1 Ld. Ray., 170–172; *Ward* v. *Snell*, 1 Hy. Blk., 10.) But though it may not be technically proper to call this liability a penalty, it is in the nature of a penalty. (*Thomas* v. *Weed*, 14 J. R., 255; *Brown* v. *Genung*, 1 Wend., 115, which were decisions upon a statute in some respects similar.) And

in applying the provisions of the statute of limitations, to causes of action against a stockholder in a company, formed under a statute like this general manufacturing incorporation act, a distinction has been taken between a cause of action not created by the act, and one which is created and the remedy given by the act. (*Corning* v. *McCullough, supra.*) The former falls into the class of actions arising upon contract. The latter into those arising upon a forfeiture to a party aggrieved, and the liability is spoken of as being in the nature of a penalty. And so in *Merchants' Bank* v. *Bliss* (35 N. Y., 412), it is said: "It is clear that the liability of the trustees is not imposed as an indemnity."

The language of the cases is, that this act is a highly penal one, extremely rigorous in its provision. (*Miller* v. *White*, 50 N. Y., 137); and it is said that the statute imposes a penalty upon the trustees for the omission of a prescribed duty, by compelling them to pay the debt of another. To be sure, the stockholder, in his liability for the debts of the company, has been likened to a surety or a guarantor. (*Moss* v. *McCullough*, 5 Hill, 131, and some of the cases there cited.) But that liability arises not from the neglect of the stockholder, and is not imposed as a punishment as for a wrong done. It is more in the nature of a contract implied from his becoming a stockholder, and he is liable in an original and primary sense, like a partner or member of an unincorporated association. (*Corning* v. *McCullough*, 1 N. Y., 47.) But a trustee made liable by the neglect to file a report, is compelled to pay the debt of the company not upon a liability in any manner arising out of contract, or as strictly collateral to the contract or obligation of another, but as a punishment, a forfeiture for a wrong done. *Bolen* v. *Crosby* (49 N. Y., 183), though it speaks of the claim against the trustees as being collateral and incidental to the debt against the company, does not conflict with this view. For it is not the debt which they are compelled to pay, but a penalty, not in any manner arising from their contract, the extent of which is measured by the amount of the debt against the

company. (*Merch. Bk. of New Haven* v. *Bliss*, 35 N. Y.,
412–414.)  In the case last cited it is distinctly held, all the
judges concurring, that the twelfth section of the manufac-
turing corporation act imposes a penalty, or a liability in that
nature, to a right of action on which the three years' statute
of limitation applies.  And thus it is, that the legislature
felt called upon in 1871 (Laws of 1871, chap. 657, p. 1435,
§ 3), to enact that a trustee severally mulcted in the penalty,
could call upon his cotrustees for a ratable contribution.
There is no right of contribution among wrong-doers for
moneys paid by reason of torts committed (*Miller* v. *Fenton*,
11 Paige, 18); and though the rule that there is no contribu-
tion among wrong-doers does not apply where one is a tort-
feasor only by inference of law, and is confined to cases
where one knows, or is presumed to know, that he is doing
an unlawful act (*Pearson* v. *Skelton*, 1 M. & W., 504), (which
exception might in some cases aid a trustee in fact innocent
of, or protesting against the neglect to file the report [see
*Miller* v. *White*, *supra*, foot of page 139]); yet this action of
the legislature shows that the liability of the trustee has
been treated by the law-making power as one imposed as a
penalty for a wrongful act or neglect.  It had, indeed, prior
to the passage of the act, been held in the Supreme Court
that there was no right of contribution among trustees in
such cases.  (*Andrews* v. *Murray*, 33 Barb., 354.)  I find
no provision of statute enabling a trustee, cast in judgment
for his default in not filing a report, to make reclamation
upon the company, or to seek indemnity from it; nor, if the
neglect to file the report is charged upon the trustee as a
wrong, and his liability for existing debts imposed upon him
as a punishment therefor, in the nature of a penalty and a
forfeiture, do I perceive the principle upon which he can
have repayment or indemnity.  Hence, as the defendant
loses no right thereby, he is not discharged by the act of the
plaintiff in taking the notes of the company for the amount
of his debt, and then renewing the notes.  In *Deming* v.
*Puleston* (55 N. Y., 655; affirming judgment appealed from

on the opinion in the court below, 35 N. Y. S. C. [3 Jones & Sp.], 309), it was held that the debt of the company did not merge in its notes taken therefor, and that an attempt to collect them from the company by action did not discharge the trustees. The case cited, meets and answers the position of the appellant, that the remedy against the trustees is inconsistent with that against the company, and that if the last be chosen the first is gone. A judgment recovered in any form of action is still but a security for the original cause of action until it be made productive in satisfaction to the party, and therefore until then it cannot operate to change any other collateral concurrent remedy which the party may have. (*Drake* v. *Mitchell*, 3 East, 251.) Nor, upon the application of the same principles, is it perceived how an extension to the company of time of payment, by renewing the .notes, relieved the appellant from his liability. It was not an extinction of the debt; though by the taking of the notes the time for the payment by the company was extended, and it might not then be sued, the debt remained, and was before and after that act an existing debt. (55 N. Y., *supra.*)

The point made by the appellant, that at all events he is not liable in this action for the amount of the three renewal notes which had not accrued due at the commencement of this action is new. That state of facts has not before been presented, as far as I am aware.

The language of the twelfth section is, that if any company shall fail to make the required report, the trustees of it shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made. It is the fact, that the report had not been made before this debt was contracted, and that this debt was one existing while the appellant was, as a trustee, in default for not making a report. The trustees thus in default are within the words of the statute whenever the debt exists, and surely it exists as something owing, though not yet by its terms payable, as soon as it is contracted. In 35 New York (*supra*), it is said : " Nor indeed is it necessary

that the creditor should have sustained any injury or damage by reason of a violation" of that section. (See page 416, 417.) "It is sufficient that the party prosecuting should be a creditor when the violation of the law takes place." (Id.) But the exact point now considered was not involved in that case, and it is not well to rely on that language alone as controlling. It is not necessary to determine now, whether one dealing with a manufacturing company could sell it the raw material from which to make its marketable goods, at such time of credit, as was needed and asked for by it to make them and bring them into market, and could the next day after the sale bring suit for the debt against trustees who had become liable to pay it as a debt existing, while they were neglecting to file a report. It may have been the intention of the legislature to make the trustees liable for the debt as soon as it existed, but not subject to action therefor until it had become payable as well as owing. That, however, is not precisely this case. At the time when these notes were taken, in renewal of others *which had then become payable*, there *did exist not only a liability of the trustees, but a right of action thereon had accrued to the plaintiff, against them*. I have stated above, that the taking of the new notes was not a merger of the original debt against the company, and that they did not represent a new debt contracted after the filing of a report in January, 1872. It was merely an extension of the time for the payment of that debt, but it was one which did not release the trustees, either from liability to pay, or from liability to immediate action. And here it seems to me is the fallacy, (I say it with respect), in the prevailing opinion. As soon as the original notes became due and payable, the trustees were liable. They were at once thereupon subject to action; so were the company. These two rights of action in the plaintiff were not dependent. They were concurrent and independent. The plaintiff could assert either, or both. The assertion of one did not preclude the assertion of the other. Suspending the assertion of one, did not preclude the assertion of the other. Waiving one, did not. Postponing one by

agreement, did not. The plaintiff, when he took the renewal notes for notes then due payable and actionable, had two remedies, not inconsistent; either of which he might pursue at the same time. Nothing but satisfaction of his debt, by the pursuit of one, would take from him his right to follow the other. Was the liability of the trustees strictly collateral to that of the company, it would not be otherwise. A creditor holding matured collateral securities for his principal debt, may receive or enforce payment of the collateral, though the principal debt be not payable. And the case is stronger where the concurrent liability does not arise out of contract, and is not rigidly a collateral obligation. The spring of all the consequences to the trustees is the wrong they have done, and all their relations are to be affected, and all their rights determined by that fact. Having no right of reclamation or indemnity from the company which can be affected by the action of the creditor, they are not, after right of action to enforce their liability has once accrued, to be relieved therefrom, nor is the right of action to be suspended, by any dealings of the creditor with the company short of a satisfaction of his debt. *Boughton* v. *Otis* (21 N Y., 261), favors this view. There a debt was contracted at divers times between January 18, 1856, and January 1, 1857. Certain persons were trustees from the last date until March of the same year. Then there was a new election, and the board of trustees was somewhat changed in its components. On the 8th April, 1857, the notes of the company were given for the prior existing indebtedness. It was held that the new trustees were not liable for the debt, but *that the old ones were ;* and that *the giving of the notes did not change the result.* (Id., 265.) It was said that the liability of the members of the first board of trustees had already accrued when the last one came in ; and that *the liability when it had once attached,* and upon whomsoever attached, *remains fixed and unalterable.* (Id., 263.)

The judgment should be affirmed with costs.

All concur with ALLEN, J.; except FOLGER, J., dissenting.

Judgment in accordance with opinion of ALLEN, J.