ALFRED M. WILES AND WILLIAM H. WILES, RESPONDENTS, v. LAMBERT SUYDAM, APPELLANT.

*Liability of trustees of manufacturing corporation, for a failure to file report — right of each creditor to maintain a separate action.*

Under section 12 of chapter 40 of 1848, providing that upon a failure to file the report required by the act, "all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made," each creditor of the company may maintain a separate action to recover the debt due him from the company, and it is not necessary that *all* the creditors should join in one action.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court without a jury.

*A. H. Hitchcock*, for the appellant.

*George W. Weiant*, for the respondents.

BARNARD, P. J. :

The defendant was the president and one of the trustees of the Imperishable Stone Block Pavement Company of New York city, a manufacturing corporation organized under chapter 40, Laws of 1848, and its subsequent amendments. The trustees neglected to file the report required by section 12 of the act, within twenty days after the 1st January, 1873, and they have neglected to make and file any report since that time.

The plaintiffs, in October, 1872, were the creditors of that corporation. All the facts necessary to charge defendant, individually, with the payment of that debt under the provisions of section 12 of the act, are averred and proven. The proof shows that the plaintiffs' debt was not the only debt existing at the time of the commencement of this action against the corporation, and the defendant claims that when there are several creditors who are entitled to sue for the same default, they must all be joined as plaintiffs in one action.

The words of the section, so far as material to this inquiry, are as follows:

" All the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made."

The claim of defendant is that no separate action is given to each individual creditor by the words, for his separate debt, when his is not the only debt against the corporation. We think the claim is not well founded. The construction to justify it is forced. The imposition of a liability to pay all the debts of the company would naturally mean a liability to pay each creditor his individual debt. So far as my experience goes, it has been the uniform practice since 1848, for each creditor to sue alone for his debt under this section. The construction called for by the defendant, would practically destroy the protection the law intended to give the creditor against the default of the trustees. How are " all the debts " to be known ? If some are not due they cannot be joined. (*Jones* v. *Barlow*, 62 N. Y. Rep., 202.) Who can compel the other creditors to join with plaintiff ? Some debt may be disputed by the trustees. What interest has a creditor whose debt is not disputed with the controversy ? If the default to make and file the report continues, where

is a rest to be made to determine what debts shall be joined with plaintiff? These debts may be created day by day until the report is made and filed. After a suit is commenced, which includes all debts due from the company to all its then creditors, what is to be done with the after-created debts? The defendant says the payment of "all the debts" is a "penalty," and there can be but one which must include all the debts, and this requires all the creditors to be plaintiffs. By constantly creating new debts, all liability will be at an end, so far as this section is concerned. In *Jones* v. *Barlow* (*supra*), a portion of the plaintiff's claim was stricken out as not due. This case not only recognizes that one creditor may sue, but that he may sue twice for his individual claim.

We think the judgment should be affirmed with costs.

DYKMAN, J., concurred. GILBERT J., not sitting.

Judgment affirmed with costs.