IN THE MATTER OF THE GENERAL ASSIGNMENT OF MORITZ LEIPZIGER FOR THE BENEFIT OF HIS CREDITORS.

[SPECIAL TERM.]

(Decided May 1st, 1878.)

Where a debtor has made a general assignment for the benefit of his creditors, and afterwards, in bankruptcy proceedings, a resolution for a composition under the amendment to the Bankrupt Act contained in § 17 of the act of Congress, approved June 22d, 1874, is duly passed, and such resolution provides for the acceptance by the creditors, by way of composition, of the notes of the debtor, endorsed by a third person, for a certain percentage of their claims, the composition does not become effectual until the notes are paid, and, although the creditors who have taken their notes under the resolution have consented that the assignee should reassign the property coming to him under the assignment to the assignor, this court will not authorize him so to do, but will compel him, on the application of a creditor, to file a bond, as assignee, if he have not already done so.

APPLICATION for the removal of Frederick Lewis as assignee of Moritz Leipziger, under a general assignment for the benefit of creditors, on the ground that he has not filed a bond as required by statute, and that without filing the said bond he has been engaging in selling, disposing of, and converting the estate, and for the appointment of a new assignee.   The application was resisted on the ground that the assignor had made a composition with his creditors in proceedings in bankruptcy, and that by the composition the assignee had been relieved from a compliance with the requirements of the State law.

It appeared that proceedings in bankruptcy were commenced against the assignor within three months after the

making of the assignment, but no adjudication had been made therein. Pending these proceedings the assignor made a proposal for composition, which provided for the payment of twenty per cent., in one payment, in ninety days from the entry of the order recording the resolution to accept the composition, secured by his note, endorsed by one Louis Ettinger. This proposal was duly accepted, the resolution providing that " upon the payment of the said sum of twenty per cent. as herein provided all the property and effects of every kind and nature of said Moritz Leipziger, the alleged bankrupt, and all the books and papers relating thereto which have come actually or constructively into the possession of Fred. Lewis, assignee for the benefit of creditors, and all right, title, claim and demand whatsoever which the said Fred. Lewis, assignee as aforesaid, may have therein or thereto shall revert to the said Moritz Leipziger, the alleged bankrupt, and the said property, assets, books, papers and effects shall forthwith be delivered to Fred. Lewis, assignee for the benefit of creditors ; shall thereupon be forever released and discharged from any claims against him, on the part of said creditors, arising out of such office, and his duties in connection with the estate of the said Moritz Leipziger, the alleged bankrupt."

*Chamberlain, Carter & Eaton*, for the motion.

*C. A. Runkle*, for the assignee, opposed.

CHARLES P. DALY, Chief Justice.—My conclusion on this application is : That the composition is a proceeding distinct and different from the proceeding for a discharge in bankruptcy, and that the construction which has been given by the United States courts to the law respecting the one does not necessarily apply to the other. That the composition does not become effective so as to discharge the petitioner from his debts until the composition notes are paid ; and if a note given to the creditor, agreeing to the composition, is not paid when due, he can sue for the original debt,

and is entitled to his *pro rata* proportion under an assignment for the benefit of creditors, if one has been made. (*Edwards* v. *Hancher*, L. R., 1 C. P. 116; *Edwards* v. *Coomer*, L. R., 1 C. P. 519; *Newell* v. *Van Praagh*, L. R., 9 C. P. 96.)

What was held in *Miller* v. *McKenzie* (2 Weekly Dig. 205), upon which the assignor relies, is that where the creditors agreeing to the composition were all paid, and the creditor had been tendered the sum paid to each of the creditors agreeing to the composition, and he had refused to take it, that his debt was extinguished, and that a writ of attachment, sued out by him to enforce his debt, should be quashed, which is not the present case. Nothing has been done in this case but to give notes for the composition, which may never be paid.

The composition provided for by the act is "a *pro rata* payment or satisfaction in money." The creditors in this case agreed to take notes payable in three months, with a certain person as endorser; but until these notes are paid there has not been a *pro rata* payment or *satisfaction in money*. There has been simply an agreement on the part of these creditors to give the debtor time to effect the composition, and it is not effected until the notes are paid.

The creditors taking these composition notes also agreed that the assignee, under the State law, might surrender up and deliver to the debtor all property received by him under the assignment, and waived notice of any proceeding he might take to be discharged from his liability as assignee.

It does not follow from this that we are called upon to relieve the assignee from giving the bond required to perfect his title to the property. If he does not file the bond within the specified time the court has power to remove him to make provisions for the safe custody of the estate, and to appoint another assignee. (L. 1877, c. 466, § 6.) If he files it and then transfers the property assigned to him to the debtor, he does it upon his own responsibility if the composition is not carried out and effected.

So far as this court is concerned he must file his bond or be removed. After he has done so he must act upon his

own responsibility, and that of .his sureties, if he considers himself justified in delivering up the assigned property to the debtor.

Whether the extinguishment of the debts by the payment of the composition notes will have any effect upon an assignment made within three months of the filing of his petition by the debtor for the discharge of his debt, upon an agreement of the requisite number of his creditors to accept a composition, is a question I am not now called upon to decide. What I do decide is, that the assignment is in no way effected by what has in fact taken place, viz., an agreement of the requisite number of creditors to receive endorsed notes for the *pro rata* amount agreed upon, and their agreement that the assignee may deliver up the assigned property to the assignor.

Motion denied.