(29 Misc. Rep. 130.)

PITTSBURGH REDUCTION CO. v. DE LEON et al.

(Supreme Court, Appellate Term. October 4, 1899.)

CORPORATIONS—FAILURE TO FILE ANNUAL REPORTS—LIABILITY OF DIRECTORS.
    Laws 1892, c. 688, § 30, making directors of a corporation, failing to file annual reports, liable for its debts, unless within a certain time after the limitation for filing they file certificate of refusal of the other directors to file the report, does not apply where, before the time expires, the corporation ceases to exist.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by the Pittsburgh Reduction Company against Edwin W. De Leon and another. There was a judgment for plaintiff, and defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Felix H. Levy and Benjamin Tuska, for appellants.
D. M. Porter, for respondent.

LEVENTRITT, J. This is an action brought to charge the defendants with liability, as directors, under section 30, c. 688, Laws 1892, for failure to file an annual report. The defendants were directors of the Columbia Novelty Company, a domestic stock corporation, doing business, however, without the United States. This corporation became indebted to the plaintiff for goods sold and delivered between the 6th day of October, 1897, and the 17th day of March, 1898. No report was filed in the year 1898 by the corporation, and no certificate by either of the defendants. On May 21, 1898, the corporation made a general assignment for the benefit of creditors. Thereafter this action was instituted against the defendants individually to recover for the goods sold to the Columbia Novelty Company. The plaintiff had judgment.

The rights of the parties are to be determined by the construction to be placed upon the statute. Section 30 provides:

"Every stock corporation, except monied and railroad corporations, shall annually, during the month of January, or, if doing business without the United

States, before the first day of May, make a report as of the first day of January," etc. "Such report shall be signed by a majority of its directors, and verified by the oath of the president or vice president and treasurer or secretary, and filed in the office of the secretary of state and in the office of the county clerk of the county where its principal business office may be located. If such report is not so made and filed, all the directors of the corporation shall jointly and severally be personally liable for all the debts of the corporation then existing, and for all contracted before such report shall be made. No director shall be liable for the failure to make and file such report if he shall file with the secretary of state, within thirty days after the first day of February, or the first day of May, as the case may be, a verified certificate, stating that he has endeavored to have such report made and filed, but that the officers or a majority of the directors have refused and neglected to make and file the same, and shall append to such certificate a report containing the items required to be stated in such annual report, so far as they are within his knowledge or are obtainable from sources of information open to him, and verified by him to be true to the best of his knowledge, information and belief."

With the exception of the last clause, exonerating individual directors from liability on filing the prescribed certificate and report, these provisions are a substantial re-enactment of similar requirements contained in section 12, c. 40, Laws 1848, as amended by chapter 510, Laws 1875. The primary object of the legislature in imposing a joint and several liability on the directors of a manufacturing company for failure to file an annual report was to protect creditors and others dealing with the corporation, so as to advise them of its financial condition. Jones v. Barlow, 62 N. Y. 202. Directors have, therefore, been held relieved from the necessity of filing the report where there has been a legal or de facto termination of the corporate life, for thereafter nobody can be prejudiced by the failure to file such a report. Bank v. Studwell, 74 N. Y. 621; Losee v. Bullard, 79 N. Y. 404; Bruce v. Platt, 80 N. Y. 379; Kirkland v. Kille, 99 N. Y. 390, 2 N. E. 36; Gold v. Clyne, 134 N. Y. 262, 31 N. E. 980. In Kirkland v. Kille, supra, Danford, J., says:

"When the condition of the company is such that the end and object for which it was formed are destroyed, and there is neither an ability nor intention on its part at any time further to prosecute its business, it is no longer required to make the report mentioned in that section."

We think that a rational construction of the act of 1892, in the light of the apparent intent of the legislature and the spirit of the decisions of the court of appeals, requires that the defendants in the case at bar be relieved of liability. The corporation ceased to exist on the 21st day of May, 1898. The defendants at that time still had 10 days in which to effect their exoneration. If during that period they had availed themselves of the statutory privileges, their act would have been as purposeless as would have been an annual report filed by the corporation after it was powerless to create further obligations. After the assignment, neither certificate nor report would have been of advantage to anybody, and filing would have been a mere idle formality. The reason for the filing, whether in a representative or individual capacity, no longer existed. The statute is highly penal in its nature, and should be strictly construed. Gold v. Clyne, supra. The omission to perform an empty ceremony should not be attended with those severe consequences which are

visited on the director of a company in the full exercise of its corporate powers. The judgment should be reversed.

Judgment reversed, with costs to the appellants. All concur.