(31 Misc. Rep. 557.)

WOOD & SELLICK CO. v. ENGLISH et al.

(Supreme Court, Special Term, New York County.   May, 1900.)

CORPORATIONS—DIRECTORS—LIABILITY TO CREDITORS—BANKRUPTCY—COMPOSITION.

> In bankruptcy proceedings against a corporation, plaintiff and other creditors made a composition which contemplated a payment of 50 per cent. of each claim,—10 per cent. in cash, and the balance in four notes. After the cash payment, and before the maturity of the first note, plaintiff commenced an action for the whole indebtedness against defendants, directors of the company.  They set up the bankruptcy proceedings in defense, and a compliance with the terms of the composition, and alleged that no indebtedness was due from the company when the action against them was commenced.  *Held*, that the liability of the directors had been suspended by the terms of the composition, subject to be revived only by a new default, and that the suit of the plaintiff was premature.

Action by the Wood & Sellick Company against Eugene M. English and others.  On demurrer to answer.  Overruled.

John Patterson, for plaintiff.
Chas. De Hart Brower, for defendants.

LEVENTRITT, J.   Demurrer to affirmative defense.  The action is brought to charge the defendants individually, on their statutory liability as directors of the Tenney Company, a domestic corporation. Upon the original debt, which was for goods sold and delivered, the plaintiff recovered a judgment against the Tenney Company.  Thereafter, in bankruptcy proceedings instituted against that corporation, it duly made a composition with creditors.  The terms of the composition contemplated a payment of 50 per cent. of each claim,—10 per cent. in cash, and the remaining 40 per cent. in four promissory notes of the Tenney Company, maturing, respectively, 6, 9, 12, and 15 months after the confirmation of the composition.  After the cash payment, and before the maturity of the first note, this action was commenced to recover against the defendants individually the entire amount of the indebtedness.  The defendants set up, as an affirmative defense, the proceedings in bankruptcy, and the compliance by the Tenney Company with the terms of the composition, and pleaded that, at the time of the commencement of the action, no indebtedness against that company was due.  The plaintiff has demurred to this defense on the ground that it is insufficient in law.

The demurrer should be overruled.  The argument of the plaintiff is, in brief, that the composition has not discharged the debts of the bankrupt corporation, and that, even if it had, the liability of the defendants would remain unimpaired.  These propositions are true. But, of the three elements essential to fasten liability on the directors, —the directory, the default, and the debt due (Chandler v. Hoag, 2 Hun, 614),—the last mentioned does not exist.  No action could have been instituted against the corporation at the time this suit was begun, as the composition notes had not matured.  Independent of a debt due by the corporation, no action for a penalty would lie against a director.  The penalty is incurred by the omission to file the annual report, but the liability is not enforceable unless a debt exists within

the terms of the statute, and not until a default in payment has been made by the corporation. Jones v. Barlow, 62 N. Y. 202; Rector, etc., v. Vanderbilt, 98 N. Y. 170. But, as was said in the former case, "if, after the debt should become payable by the corporation, the right to demand payment and the cause of action against the corporation should, by the act and consent of the creditor, be suspended, the liability of the trustees, as the incident of the principal obligation, would become suspended,—pro tempore dormant,—to be revived by a new default of the corporation." The fact that in this case the plaintiff's consent was, in effect, compelled by operation of law, does not alter the situation, or give it the right of action claimed at this time. Whatever may be its rights when the last note shall have matured and been paid, or in the event of default in any payment, its present suit is premature. It is quite true that the composition has neither satisfied nor paid the debt, nor discharged the Tenney corporation on any of the claims embraced in the composition. Iron Co. v. Walker, 76 N. Y. 521; In re Leipziger, 8 Daly, 78. A failure to pay one of the notes will revive the whole debt, reduced by such payments as may have been made pursuant to the composition; but, in the absence of such default, all right of action is suspended until the maturity of the last note. It is unnecessary to consider, at this time, the point elaborately argued on behalf of the plaintiff, to the effect that the defense of discharge in bankruptcy is personal to the bankrupt, for the reason that no discharge has been had or pleaded.

Demurrer overruled, with costs.