For these reasons I dissent from the opinion of Mr. Justice RUMSEY.

Order reversed and motion denied, with fifty dollars costs and disbursements.

---

WOOD & SELICK, Appellant, *v.* BENJAMIN B. VANDERVEER and WILLIAM M. RECKLESS, Respondents, Impleaded with EUGENE M. ENGLISH.

*Right of action against a director of a corporation for a failure to file an annual report — the discharge of the corporation in bankruptcy does not affect it.*

In order to entitle a creditor of a corporation to maintain an action against the directors thereof to enforce the liability imposed on them by section 30 of the Stock Corporation Law (Laws of 1892, chap. 688), because of their failure to file an annual report, three things must co-exist: The default in making the report; the fact that the defendants were trustees, and a debt due from the corporation.

The discharge in bankruptcy of the original liability of the corporation, after the statutory liability of the directors has become perfect, does not prevent the creditor from thereafter maintaining an action against the directors to enforce their statutory liability.

VAN BRUNT, P. J., dissented.

APPEAL by the plaintiff, Wood & Selick, from a final judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 13th day of June, 1900, dismissing the complaint as to the defendants, Benjamin B. Vanderveer and William M. Reckless, with notice of an intention to bring up for review upon such appeal an order made at the New York Special Term and entered in said clerk's office on the 10th day of May, 1900, overruling the plaintiff's demurrer to the second separate defense contained in the answer interposed by the defendants, Benjamin B. Vanderveer and William M. Reckless, and also the interlocutory judgment in favor of said defendants entered in said clerk's office on the 16th day of May, 1900.

*John Patterson,* for the appellant.

*Charles De Hart Brower,* for the respondents.

RUMSEY, J.:

This action was brought against three persons as trustees of the Tenney Company to enforce the liability imposed upon the directors of stock corporations by section 30 of the Stock Corporation Law because of the failure of the company to file the report required by that statute. The trial was had upon the issue of law raised by a demurrer of the plaintiff to the second defense set up in the answer, and the defendants had judgment with leave to the plaintiff to withdraw its demurrer. That not having been done, final judgment was entered dismissing the complaint. The appeal is from this judgment, and the notice of appeal states that the order overruling the demurrer and the interlocutory judgment will also be brought up for review. So far as the order is concerned, that cannot be reviewed because it is not a decision from which an appeal can be taken. That, however, is a matter of no importance as the statement in the notice of appeal that the interlocutory judgment will be brought up for review brings the whole case before us.

The Tenney Company, a domestic stock corporation organized under the laws of the State of New York, was on the 25th day of April, 1899, indebted to the plaintiff in the sum of $2,228.81, being the balance due for goods sold to it by the plaintiff between the 13th day of January, 1898, and the 25th of April, 1899. The

·defendants were directors of the company in January, 1898, and so ·continued down to and after the 1st day of May, 1899. No report ·of the condition of the company such as is required by section 30 ·of the Stock Corporation Law was filed either in January, 1898, or January, 1899. None of the defendants had filed the certificate required by the statute to relieve him from the liability imposed for the failure of the company to file the report. The debt of the company to the plaintiff was fully due on the 26th day of April, 1899.

These facts are admitted by the defense which was demurred to. The facts set up in that defense are that on the 6th day of June, 1899, the Tenney Company was adjudged a bankrupt in involuntary proceedings brought against it in the District Court of the United States for the southern district of New York; that it offered terms ·of composition to its creditors, these terms being the payment of fifty per cent of its indebtedness, ten per cent in cash and the remainder in four notes due respectively in six, nine, twelve and fifteen months from the date of the confirmation of the composition; that the composition was accepted by a majority of the creditors of the corporation and was confirmed on the 12th day of July, 1899, and that the Tenney Company had performed all the terms ·of the composition on its part. (The defense also alleged that the debt of the Tenney Company to the plaintiff was provable against that company in the bankruptcy proceedings and was one from which it could have been discharged.) The defense also contained a statement that no portion of the indebtedness against the Tenney Company alleged in the complaint was at the time of the commencement of the action or at the time of serving the answer due or unpaid.

This action was brought on the 14th day of November, 1899, while the notes given upon the composition agreement were still ·outstanding, unpaid and not due.

The defendants claim that it was essential to the right of the plaintiff to maintain this action that there should be a debt of the Tenney Company due and actually payable by them at the time the ·action was begun; and that as there had been a composition as to the debts of the company including the one to the plaintiff and the notes given under the composition agreement were not yet due, the remedy of the plaintiff upon that debt against the Tenney Com-

pany was suspended, and this action cannot be maintained until these notes are due.

It has been held that a plaintiff cannot maintain such an action as this unless three things co-exist: The default in making the report; the fact that the defendants were trustees; and a debt due from the company. (*Jones* v. *Barlow*, 62 N. Y. 202.) On the 1st day of June, 1899, all these things existed, and at that time the plaintiff had a complete cause of action against each one of the defendants upon which the Statute of Limitations had begun to run. The debt of the Tenney Company to the plaintiff which lay at the foundation of this action has never been paid, and the only question is, whether the steps which have been taken with respect to it in the bankruptcy proceedings have suspended the remedy upon it so that the right of action of the plaintiff upon it is postponed.

The composition in bankruptcy was confirmed on the 12th of July, 1899. The effect of that confirmation is prescribed by section 14 of the Bankruptcy Act, which provides that the confirmation of a composition shall discharge the bankrupt from his debts other than those agreed to be paid by the composition and those not affected by the discharge. The original debt of the company to the plaintiff came within the provisions of section 14 of the Bankruptcy Act. This debt having been discharged, the bankrupt was relieved from further liability with respect to it to Wood & Selick. What might be the result of a failure to pay any of the notes agreed to be paid by the composition it is not necessary to consider because it is alleged that the composition has been performed and the rights of the parties are, therefore, controlled by section 14 of the Bankruptcy Act, quoted above. It is to be noticed that this act differs from that of 1867, as amended in 1874, because this one contains an express provision that a confirmation of a composition shall work a discharge of all of the debts of the bankrupt. That condition was not contained in the former law. Therefore, when that composition had been confirmed the original debt of the Tenney Company ceased to exist. It is not a case of a suspension of a remedy, but an absolute discharge of the debt. There never can be any remedy upon the original debt. The remedy of a creditor against the Tenney Company was to have payment of the composition notes, but when those notes were paid there still arose no remedy upon this original debt.

So far as the creditor was concerned he had after that time no right whatever against the Tenney Company by reason of the existence of the debt which it is sought here to recover.

But the fact that there can be no recovery from the Tenney Company makes no difference with regard to the liability of these defendants. The statute does not require as a prerequisite to maintain this action against these defendants that a judgment shall have been recovered against the original debtor. The sole reason why the debt from the company must be past due before this action can be maintained is that the liability of the directors is secondary in its nature, and does not come. to exist until the company has made default. Until the debt is due there is a presumption that it will be paid by the company which owes it, and until that presumption has been overthrown by the failure of the company to pay the debt there is no reason to proceed against the directors. But when that failure becomes a fact then this remedy comes to exist.

This debt of the company has never been paid although the right to recover from the corporation has been taken away by operation of law. Does the taking away of that right affect the rights of the plaintiff to recover from the directors who are also liable for the debt?

That depends somewhat upon the nature of the liability of these directors. In a case arising under a like statute in Massachusetts it was held that the liability of a director was in the nature of a suretyship or guaranty for the original debt, and that, although the corporation had been discharged, the liability of the directors was not affected, because the statute provides that the discharge shall affect only the personal obligation of the bankrupt, and shall not in any manner affect the liability of one who is a codebtor with, or guarantor, or in any manner a surety for the bankrupt. (Bankruptcy Act, § 16; *Matter of Marshall Paper Co.,* 95 Fed. Rep. 419; S. C., 102 id. 872; *Hill* v. *Harding,* 130 U. S. 699.) So that by the express provisions of the statute which works the discharge the plaintiff lost no rights against those directors if their liability is in the nature of a suretyship.

But it may be said with some plausibility that their liability is in the nature of a penalty, and so the courts have held that it is barred

within three years under the provisions of subdivision 3 of section 383 of the Code of Civil Procedure as an action upon a statute for a penalty or a forfeiture. But if that be true and this be a penal action the discharge of the corporation from the debt without its payment has no effect upon the right of the plaintiff to recover from these defendants. This cause of action is created by the statute. It is operative when the debt becomes payable, and regarding it as a penal action the amount of the debt is simply the measure of damages which the plaintiff is entitled to recover because of the liability imposed upon these persons by the law.

After the debt has become due, the creditors are not limited to an action against the corporation to recover it, nor is it necessary that they should begin such an action unless they see fit to do so. They can at once proceed against the directors, and can only be barred from that action by the payment of the debt by the corporation. Indeed, no reason is seen why they may not at the same time maintain an action against the corporation upon its contract liability, and another against the directors for their statute liability, although undoubtedly if judgments were recovered in both actions the payment of one would work a satisfaction of the other. But the second action is entirely separate, and has no connection with the other, and as the defendants here were not parties to the bankruptcy proceedings, and their liability was not in any way questioned in these proceedings, it is clear that the discharge of the bankrupt, which affected it only and was personal to it alone, can have no effect whatever upon the right of the plaintiff to recover against another person whose liability for this debt is created by statute, and is entirely independent and separate from the cause of action against the company.

For these reasons we think that the conclusion of the learned justice in the court below was not correct, and both the final judgment and the interlocutory judgment must be reversed, with costs, and the demurrer sustained, with costs in this court and in the court below, with leave to the defendants to amend their answer in twenty days on payment of such costs.

PATTERSON, INGRAHAM and HATCH, JJ., concurred; VAN BRUNT, P. J., dissented.

VAN BRUNT, P. J. (dissenting):

If the trustee paid the debt he would have the right to be subrogated to the plaintiff in his claim against the company, which is the foundation of the recovery. In the case at bar there is no debt which can presently be enforced against the company.

I dissent therefore.

Judgment reversed, with costs, and demurrer sustained, with costs in this court and in the court below, with leave to defendants to amend answer in twenty days on payment of such costs.