St. John agt. Beers.

## SUPREME COURT.

### F. M. St. John agt. Orin Beers.

Where the action was upon *promissory notes* assigned to the plaintiff, and for *goods sold, held,* that the plaintiff might properly allege in his complaint that, on his "information and belief," the notes were executed by the defendant, and on his "information and belief," the goods were sold to the defendant.

*Albany Special Term, December,* 1862.

The complaint set forth three separate causes of action: 1st. A note payable to E. L. B., or bearer, made by defendant and assigned to Plaintiff.

*witness to testify on the trial of another person to facts which would prove himself guilty of a crime, without indemnifying him against the consequences, because, I think, as has been mentioned, that by a legal construction, the constitution would be found to forbid it."*

Why would the constitution forbid it? Evidently because the constitutional provision is declaratory of the rule of the common law in criminal cases. Therefore, the court hold, that any statute which would violate this rule, *without indemnifying the witness against the consequences,* would be unconstitutional. The *violation* of this constitutional rule by the legislature, then, is made to depend upon a *condition.* If the *condition* is inserted at the time the statute is passed, which would otherwise violate the constitution, it is held to be no violation. Now, is there any provision in the *constitution* that its mandate for the protection of a witness shall not apply, if this or any other condition is inserted in a statute compelling the witness to testify against himself in a criminal case? Not any. Every witness, in a criminal case, by the common law, is excused from giving testimony which will tend to disgrace him, to charge him with a penalty or forfeiture, or to convict him of a crime; and by the decision of this court, this common law principle cannot be changed absolutely by the legislature without violating the same principle in the constitution. Now, in the passage of these bribery and other similar acts of the legislature, is not the common law rule as to witnesses as completely changed as though no indemnity to them for the consequences was inserted in the acts? The violation of the constitution consists in compelling a witness *to give his testimony;* the indemnity may not be sufficient to protect him from the consequences of such violation. Take the question of *disgrace,* for instance: how is an exoneration from a criminal trial to restore the witness to the standing and favor he was in, before being compelled to testify? The simple question appears to be, has the legislature power to deliberately change the common law and violate the constitution as to the privilege of witnesses in criminal cases, by attempting to protect them from such violation? If they can do so in one case, why can they not violate any constitutional provision, where personal rights are involved, by assuming to protect the subject from such violation?                         Rep.

St. John agt. Beers.

2d. A note payable to J. W. H., or bearer, made by defendant and assigned to plaintiff.

The plaintiff stated, on his *information and belief*, that the defendant executed these notes, &c.

The 3d count was for goods sold and delivered by plaintiff to the defendant, upon the *information and belief* of plaintiff, on which the plaintiff claimed a balance.

The defendant moved to strike out the words, "information and belief," wherever they occurred; also to make the complaint more certain by stating the time when the notes were assigned, and the time of the sale of the goods, and the kind of goods, with costs of motion.

C. V. R. Ludington, *for the motion.*
A. C. Niven, *opposed.*

Hogeboom, Justice. The plaintiff has very properly stated the making of the two notes on his "information and belief." They being payable to other persons and assigned to him, he could properly only state the making of them on his "information and belief."

There is no objection to stating the sale of the goods on "information and belief," as they may have been sold by his clerk or agent, and not by himself personally; and as to the time of sale and the specific articles sold, it was not necessary to make a motion for that purpose, as an application for the particulars of plaintiff's demand would have attained the object.

Motion denied, with ten dollars costs.