GIDEON G. STEPHENS, Respondent, *v.* SAMUEL H. Fox, Appellant.

In an action against a stockholder of a railroad corporation by a creditor thereof, under the provision of the general railroad act (§ 10, chap. 140, Laws of 1850, as amended by chap. 282, Laws of 1854), making each stockholder liable for the debts of the corporation to the amount unpaid on his stock, the record of a judgment against the corporation is competent evidence of plaintiff's *status* as a creditor and of the amount due him.

The effect of said provision is not to impose any penalty or original liability upon the stockholder, but simply to confer upon the creditor of the corporation a right to pursue, for the satisfaction of his claim, the indebtedness of the stockholder to the corporation for his unpaid subscription. The creditor claims through the corporation, and if he shows that he is a creditor, by evidence binding and conclusive against it, the evidence is competent against the stockholder.

*Miller* v. *White* (50 N. Y. 137), *McMahon* v. *Macy* (51 id. 155), distinguished.

In such an action, on trial before a referee, after the case was closed it was reopened by order of the court for the sole purpose of allowing defendant to put in evidence certain exhibits and records; on the rehearing, defendant offered oral evidence to sustain a counter-claim. *Held*, that it was properly excluded.

(Argued November 16, 1880; decided January 18, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made at the April term, 1879, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 17 Hun, 435.)

This action was brought under the general railroad act by plaintiff, as assignee of a judgment against the New York and Oswego Midland Railroad Company, against defendant, as a stockholder of said company, to recover an amount alleged to be unpaid upon his stock.

To prove the indebtedness of the corporation, the plaintiff offered in evidence the record of the judgment. This was objected to, and received under objection.

Defendant set up in his answer, as a counter-claim, an alleged indebtedness of the company to him. After judgment had been entered in the case on the report of the referee, defendant obtained an order opening the judgment, and sending the case back to the referee to enable the defendant "to put in his exhibits and records." Upon the rehearing before the referee, defendant offered oral evidence to sustain his counter-claim; this was objected to on the ground that the order did not authorize such testimony. The objection was sustained, and defendant's counsel duly excepted.

*H. J. Cookingham* for appellant. A judgment is not a debt. It is simply evidence of a debt, and only that as between parties and privies. (Burrill's L. D., "Judgment;" Webster's Dictionary, "Judgment;" *Monroe* v. *Upton*, 50 N. Y. 593.) The judgment of plaintiff's assignors against the company was neither conclusive nor *prima facie* evidence of a debt against said company, as between this plaintiff and a stockholder. (*Miller* v. *White*, 50 N. Y. 137; *Moss* v. *McCullough*, 5 Hill, 131; *Strong* v. *Wheaton*, 38 Barb. 616; *McMahon* v. *Macy*, 51 N. Y. 155; *Conant* v. *Van Schaick*, 24 Barb. 87; 1 Phil. on Ev. 333; 1 Greenl. on Ev., § 522; Burrill's L. D., "Privies;" 1 Greenl. on Ev., § 189; Webster's Dictionary, "Privy.") The provision for the return of execution against the company does not apply to suits brought under section 10 of chapter 282 of Laws of 1854. (*McMahon* v. *Macy*, 51 N. Y. 155, 160; *Ericsson* v. *Brown*, 38 Barb. 390; *Moss* v. *McCullough*, 7 id. 279; *Whithead* v. *Allen*, 28 id. 661.) The debt due from the defendant to the company,

if any, was a simple contract debt, and no more subject to the lien of the judgment against the company than would have been any other debt due the company from a party not a stockholder. (*Sanger* v. *Upton*, 91 U. S. 56; *Webster* v. *Upton*, id. 65; *Ogilvie* v. *The Knox Ins. Co.*, 22 How. [U. S.] 380.) The recovery of the judgment, the issuing of the execution and the return thereof was a useless proceeding in no way connected with the plaintiff's right to bring this suit. (*McMahon* v. *Macy*, 51 N. Y. 155.)

*William H. Bright* for respondent. Defendant's subscription for stock and his participation as a stockholder in the election of directors constitute him a stockholder. (*Spear* v. *Crawford*, 14 Wend. 20; *Buffalo R. R. Co.* v. *Dudley*, 14 N. Y. 337; *Lathrop* v. *Kneeland*, 46 Barb. 432; *Perkins* v. *Hatch*, 4 Hun, 137.) The judgment is itself a debt. (*Sayer* v. *Rustin*, 3 Wend. 496; Jacob's Law Dic., "Debt;" Bouvier's Law Dic., "Debt;" Tomlin's Law Dic., "Debt;" Chitty's Pr. 108, 109; *Anderson* v. *Murray*, 9 Abb. Pr. 8; *Taylor* v. *Root*, 3 Keyes, 333, 334; *McMahon* v. *Macy*, 51 N. Y. 155, 160.) Plaintiff's judgment is competent and conclusive evidence to prove the plaintiff to be a creditor of the railroad company, and establishes a debt and liability within the meaning of the statute. (*Hastings* v. *Drew*, 76 N. Y. 9; *Sayony* v. *Dubois*, 3 Sandf. Ch. 466; *Sanger* v. *Upton*, 91 U. S. 56; *Ogilvie* v. *Knox Ins. Co.*, 22 How. [U. S.] 308; *Stephens* v. *Fox*, 17 Hun, 435; *Mills* v. *Stewart*, 41 N. Y. 384, 390; *Rankin* v. *Elliott*, 16 id. 377–380; *Mann* v. *R. R. Co.*, 3 id. 415; *Morgan* v. *R. R. Co.*, 10 Paige, 290; *Bartlett* v. *Drew*, 57 N. Y. 587; *Webster* v. *Upton*, 91 U. S. 65; *Upton* v. *Tribilcock*, id. 45; *Nathan* v. *Whitlock*, 9 Paige, 152; *Burr* v. *Wilcox*, 22 N. Y. 551, 556; *Henry* v. *R. R. Co. et al.*, 17 Ohio, 187; *Hastings* v. *Drew*, 76 N. Y. 9; *Gibson* v. *Haggerty*, 37 id. 555; *Loraher* v. *Mayor, etc.*, 7 Abb. 248; *Ballston Bank* v. *Marine Bank*, 18 Wis. 490; *Baker* v. *Kenworthy*, 41 N. Y. 215.) A debt contracted by the agents or trustees of the company renders the stockholders personally

liable, and a judgment against the corporation therefor is binding and conclusive on the stockholders individually, to the extent of their respective shares, and whatever is a debt against the company is now, by force of the statute, a debt against them; and if the company itself was concluded the stockholders are equally concluded. (Angell & Ames on Corporations, § 615; *Slee* v. *Bloom*, 20 Johns. 668, 682, 684; *Miller* v. *White*, 50 N. Y. 137, 142; *Moss* v. *Oakley*, 2 Hill, 265; *Moss* v. *McCullough*, 7 Barb. 279; *Moss* v. *Averell*, 10 N. Y. 452.) In actions under the various statutes making officers and trustees of certain corporations liable for the corporate debts, because of their own or others' fault, fraud or negligence, the judgment against the company is no evidence of the debt, and has no application to this case. (*Hastings* v. *Drew*, 76 N. Y. 9; *Stephens* v. *Fox*, 17 Hun, 435.)

RAPALLO, J. This action is based upon section 10 of the general railroad act (chap. 140 of the Laws of 1850, as amended by chap. 282 of the Laws of 1854), which provides, that "each stockholder of any company formed under this act shall be individually liable to the creditors of such company to an amount equal to the amount unpaid on the stock held by him, for all the debts and liabilities of such company, until the whole amount of the capital stock so held by him shall have been paid to the company." The only material question brought up on this appeal is whether, in an action against a stockholder to enforce this liability, a judgment recovered against the company is competent evidence of the plaintiff's status as a creditor of the company and of the amount due him.

The effect of section 10 is not to impose any penalty upon the stockholder, or any original liability, but simply to confer upon the creditor of the corporation the right to pursue, for the satisfaction of his claim, the indebtedness of the stockholder to the corporation for his unpaid subscription to the capital stock. (*Mills* v. *Stewart*, 41 N. Y. 389.) The liability of the stockholder is not created or enlarged by the statute. It rests

upon his contract with the corporation, and the creditor is simply subrogated to the claim of the corporation against its debtor, in case he avails himself of his right under the statute to pursue the stockholder as such debtor to the corporation. A payment by the stockholder to the creditor, upon a recovery by him under the statute, will discharge the stockholder *pro tanto* from his indebtedness to the corporation. The creditor thus claims through the corporation, and to entitle him to this statutory subrogation or transfer, he need only show that he is a creditor. If he shows this fact by evidence which is binding and conclusive against the corporation, such evidence should be competent against the stockholder to establish the title of the creditor to succeed to the rights of the corporation. A judgment against the corporation being the highest evidence against it, should be as effectual to pass its title to the fund in question as a deed or any other form of transfer. The cases of *Miller* v. *White* (50 N. Y. 137) and *McMahon* v. *Macy* (51 id. 155) depend upon an entirely different principle. In those cases the defendant was not pursued as a debtor to the corporation, or for any pre-existing liability of his own, but upon an original liability created by the statute, and it was not in the power of the corporation to admit away his case, or suffer a recovery which should be binding upon him and create, as against him, a liability to which he was not previously subject. The present case depends upon the same principle as *Hastings* v. *Drew* (76 N. Y. 9), and other cases of actions by creditors against the debtors of their debtors, or for the recovery of assets of such debtor. In all such cases a judgment recovered by the plaintiff against his debtor is evidence of the right of the plaintiff to pursue the debtors or assets of the judgment debtor.

The exceptions to the exclusion of evidence of the defendant's counter-claim cannot be sustained. Before this evidence was offered the case had been closed, and it was reopened for the sole purpose of allowing the defendant to put in evidence certain exhibits and records. The defendant was not entitled,

under this order, to go into a new defense and put in oral evidence. We find no good exception in the case.

The judgment should be affirmed.

All concur.

Judgment affirmed.