JOHN F. LAWYER, PLAINTIFF, *v.* FRANK ROSEBROOK AND OTHERS, DEFENDANTS.

*Action against the stockholders of a corporation for a failure to pay in the amount of its capital stock and file a certificate stating that fact — a judgment against the corporation is not conclusive as against the stockholders.*

The plaintiff, having recovered a judgment against a corporation and issued an execution thereon which had been returned unsatisfied, brought this action against several stockholders of the corporation to recover the amount of the judgment, upon the ground that the capital stock had not been paid in nor had a certificate of such payment been made and filed. On the trial, the judgment having been given in evidence by the plaintiff, the defendants offered to prove certain facts set up in their answer, tending to show that there was no cause of action in favor of the plaintiff against said corporation, and other matters tending to show that the judgment was not regularly recovered and was fraudulent, or was the result of a mistake.

*Held,* that it was error to exclude the evidence so offered, upon the ground that the judgment was conclusive against the defendants.

*Miller* v. *White* (50 N. Y., 137); *Kincaid* v. *Dwinelle* (Id., 551) followed; *Stephens* v. *Fox* (83 id., 313); *Wheeler* v. *Millar* (90 id., 353; S. C., *sub nom. Miller,* 24 Hun, 541) distinguished.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after 'a verdict had been directed at the Albany Circuit in favor of the plaintiff.

The action was brought against the stockholders of a corporation, incorporated under chapter 611 of 1875, upon a judgment recovered against it.

*Gilbert W. Minor,* for the plaintiff.

*D. C. Robinson,* for the defendants.

LEARNED, P. J.:

This is an action against several persons, stockholders of "The Perfect Hatcher Company (Limited)," a corporation, to recover the amount of a judgment, previously recovered by plaintiff, against said corporation, on which execution had been issued and returned unsatisfied. The ground of the action is that the capital stock has not been paid in, and a certificate of such payment has not been made and filed as prescribed by law. On the trial the judgment was given in evidence by plaintiff. The defendants then offered to show certain facts set up in their answer, tending to show that there was no cause of action in favor of the plaintiff against said corporation, and other matters tending to show that the judgment was not regularly recovered and was fraudulent, or, at least, the result of a mistake. This evidence was all excluded on the ground that the judgment against the corporation, was conclusive against the defendants. A verdict was directed for plaintiffs, and exceptions ordered to the General Term. The case of *Miller* v. *White* (50 N. Y., 137), although that was an action against directors, seems to show plainly that that judgment was not conclusive, even if admissible, against these defendants. A remark in *Kincaid* v. *Dwinelle* (50 N. Y., 551), shows that such is the rule. There the court say : " The judgment against the corporation is of no virtue or effect in the action against the stockholder, and is only evidence as proving the performance of the condition precedent." It is not necessary to cite other cases.

The plaintiff, however, relies on *Stephens* v. *Fox* (83 N. Y., 313), and on the provision of the Revised Statute that stockholders who have not paid their stock shall be bound to pay what is due thereon in such proportion as is necessary to satisfy debts. (1 R. S., 600, § 5.) *Stephens* v. *Fox* was brought under the railroad act to recover from defendant so much of the amount which had not been paid on his subscription to stock, as would be necessary to pay plaintiff's judgment. And in that case the judgment was held to be evidence The reason of this is that the defendant owed to the corporation, and to any one who succeeded to its rights, the amount which he had agreed to pay, and which he had not paid. It was of no importance to him whether he paid that to the corporation or to a creditor of the corporation. And the court recognized the principal of *Miller* v. *White* as sound. Now, in this present case, the plaintiff's complaint is based not on the ground that each one, or any one of the defendants was still indebted on his subscription, but upon the ground that the whole capital had not been paid. The statute, under which plaintiff sues, makes stockholders liable to an amount equal to their capital stock until the whole capital shall have been paid, and a certificate thereof filed. Thus it will be seen that this is a very different liability from the mere liability to pay what each stockholder has, by his subscription, promised. The plaintiff also cites *Wheeler* v. *Millar* (90 N. Y., 353). But on turning to that same case in 24 Hun, 541, it will be seen that the validity of the debt was contested upon the trial, although a judgment had been recovered against the corporation. (See p. 544.) So that the principle of *Miller* v. *White* is recognized. That case also was an action based on the fact that the defendant still owed the corporation his subscription, and much of the contest was on that question of fact. Now, in the present case, the complaint shows that the ground of action is not on the unpaid subscription of any individual. Indeed it might be questionable whether, in an action on their unpaid subscriptions, the stockholders could be joined. But we need not pass upon that point.

We think that the defendants should have been allowed to know that there was no debt due the plaintiff, and, perhaps, he may be obliged to show the fact of such debt affirmatively, to maintain this case.

Verdict set aside, and motion for new trial granted, costs to abide event.

LANDON and INGALLS, JJ., concurred.

Verdict set aside, and motion for new trial granted, costs to abide event.