WOODARD *v.* HOLLAND MEDICINE CO. *et al.*

(*Superior Court of Buffalo, General Term.* June 16, 1891.)

1. CORPORATION—ACTIONS AGAINST—DEMURRER.
    A complaint in an action on a judgment against a domestic corporation to procure a judgment sequestrating the property of the corporation, which seeks also to charge the stockholders individually with the payment of the judgment, does not improperly unite two causes of action.

2. SAME—LIMITATIONS—DEFENSE.
    It is not necessary in such action that the complaint should negative the defensive matter contained in 3 Rev. St. N. Y. p. 1960, § 24, (manufacturing act of 1848,) which provides that "no stockholder shall be personally liable for the payment of any debt * * * which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought * * * within one year after the debt shall become due."

3. SAME—SUFFICIENCY OF COMPLAINT.
    Plaintiff's allegation that, "as he is informed and verily believes, only a small portion of said stock has been paid up," was a sufficient allegation that the capital stock of the company had not been paid up in full, within Code Civil Proc. N. Y. § 481, which provides that plaintiff shall set forth in his complaint "a plain and concise statement of the facts constituting each cause of action without unnecessary repetition," and section 524, which provides that, unless an allegation is stated "to be made upon the information and belief of the party," it must be regarded as having been made upon the knowledge of the person verifying the pleading.

4. SAME—ACTION BY ONE CREDITOR.
    An action may be maintained by one creditor of a corporation to charge its stockholders individually with the payment of a judgment against it without joining other creditors as parties plaintiff, or stating in substance that the action is brought on behalf of plaintiff and other creditors, under Code Civil Proc. N. Y. § 1784, which provides that "a creditor" may bring such action, and under section 1793, which provides that the judgment in such action "must provide for a fair distribution of the property of the corporation among its fair and honest creditors," etc.

5. SAME—ACTION ON JUDGMENT—SUFFICIENCY OF COMPLAINT.
    Code Civil Proc. N. Y. § 1784, provides that "where final judgment for a sum of money has been rendered against a corporation created by or under the laws of this state, and an execution thereupon * * * has been returned * * * unsatisfied, the judgment creditor may maintain an action to procure a judgment sequestrating the property of the corporation." *Held,* that the complaint need not state the facts on which the judgment was obtained, showing a valid cause of action against the corporation.

Demurrer to complaint.

Action by Charles H. Woodard against the Holland Medicine Company, J. W. Stanton, and others to charge the stockholders of defendant company with personal liability for a judgment recovered against the company. Code Civil Proc. N. Y. 524, provides that "the allegations or denials in a verified pleading must, in form, be stated to be made by the party pleading. Unless they are therein stated to be made upon the information and belief of the party, they must be regarded * * * as having been made upon the knowledge of the person verifying the pleading."

Argued before BECKWITH, C. J., and TITUS and HATCH, JJ.
*Le Roy Parker*, for plaintiff.   *Charles C. Wheeler*, for defendants.

TITUS, J.   This action is brought by the plaintiff against the defendants, as stockholders of the Holland Medicine Company, to enforce the payment of a judgment obtained by the plaintiff against that corporation.   The plaintiff asks that the property of the defendant the Holland Medicine Company be sequestrated, and the proceeds thereof be distributed among its fair and honest creditors agreeably to law.   The action appears to have been brought under section 1784 of the Code of Civil Procedure.   The title in which this section is found, and the following one, relate to actions to dissolve corporations, and to enforce individual liability of the officers and members, with or without a dissolution thereof, and is a substantial re-enactment of the provisions of the Revised Statutes relating to that subject.   Article 2, tit. 4, c. 8, pt. 3, Rev. St.   Section 1784 provides: "Where final judgment for a sum of money has been rendered against a corporation created by or under the laws of the state, and an execution issued thereupon to the sheriff of the county where the corporation transacts its general business, or where its principal office is located, has been returned wholly or partly unsatisfied, the judgment creditor may maintain an action to procure a judgment sequestrating the property of the corporation, and providing for the distribution thereof, as prescribed in section 1793 of this act."   It appears from the complaint that on the 4th day of June, 1890, a judgment was rendered in the superior court of Buffalo in favor of the plaintiff and against the defendant, a domestic corporation duly organized under and by virtue of chapter 40 of the Laws of 1848, and doing business in the city of Buffalo, for the sum of $778.01, damages and costs, for a breach of contract entered into between the plaintiff and said corporation; that the judgment roll was filed in the office of the clerk, and an execution issued to the sheriff of Erie county, where the business of the corporation was transacted, and by him returned wholly unsatisfied.   The plaintiff further alleges that the capital stock of the corporation is $200,000, but that a small portion of the stock of the capital has been paid in by the stockholders, the exact amount remaining unpaid being unknown to the plaintiff, and that the defendants are all stockholders of the corporation.   The defendants demur to the complaint, and state several grounds,—among others, that the plaintiff has improperly united two causes of action; asking for the sequestration of the property, and that the defendants, as stockholders of the company, be charged individually with the payment of the judgment set forth in the complaint.   The plaintiff does, in fact, demand both reliefs; but the form of the relief demanded in the complaint is by no means controlling as to the character of the action.   He may demand any relief he deems himself entitled to; and in an action in equity the court may grant such relief as, from the facts, he appears to be entitled to, without reference to his demand.   Under the form of action stated in the complaint, the plaintiff, if he sustains his allegation with proof, would be entitled to a judgment of sequestration of the property of the corporation, requiring the defendants who are stockholders to pay into the fund of the corporation the balance unpaid on the amount of stock held by them, respectively.   The defendant also claims that the plaintiff's complaint states no cause of action against the stockholders of the corporation, and his particular objection is that the complaint does not state that the debt for which the judgment was obtained was not one payable within one year from the time it was contracted, and that the action was not brought within the time limited by the statute.

The fact, if it be a fact, that the action was not brought against the defendant corporation within one year is matter which the defendant must plead in his answer.   The liability of stockholders is created by section 10 of the manufacturing act of 1848.   Section 24 creates a limitation upon the right of a

party to commence an action, but, like other limitations in the commencement of actions, the defendant must plead that fact, if he desires to avail himself of it. It is not necessary to allege that a cause of action is not within the statute of limitations; and, as the complaint does not show affirmatively that the cause of action is within the limitation of the statute, it is not demurrable.

The defendant claims, further, that there is no allegation in the complaint that the capital stock has not been paid in full. The plaintiff alleges "that, as plaintiff is informed and verily believes, only a small portion of said stock has been paid up," etc. The criticism which the defendants' counsel makes to this allegation is that it is not the allegation of a fact, but of the plaintiff's belief, and that his belief is wholly immaterial. The plaintiff is required, by section 481 of the Code, to state in his complaint "a plain and concise statement of the facts constituting each cause of action, without unnecessary repetition," but such facts may be stated upon information and belief. *St. John* v. *Beers*, 24 How. Pr. 377; *Iron-Works* v. *Smith*, 4 Duer, 362. The criticism of the counsel does not seem to be warranted. The plaintiff does not allege his belief, but the fact "as he is informed and believes." It is an allegation, in effect, upon information and belief; and, as has been stated, such a pleading is permissible. Section 524, Code Civil Proc.

The defendant further claims that this action is brought for the plaintiff's sole benefit, and that such action cannot be maintained without joining other creditors, or stating, in substance, that the action is brought in behalf of himself and others similarly situated. This is distinctly an equity action to charge upon the defendants a liability existing in behalf of the plaintiff by reason of their failure as stockholders to pay the amount represented by stock held by them to the company. It does not seem to be absolutely necessary that in an action of this kind all who are interested in the result of the action or in the distribution of the fund should be made parties. The statute under which this action is brought, in general gives the court the power to appoint a receiver of the property of the corporation, and to restrain it, its trustees and managers, from collecting or receiving any debt; and the court may restrain creditors from bringing a multiplicity of actions against either the corporation or its stockholders. Section 1784 provides that a creditor may bring an action; and by section 1793 it is provided that "a final judgment in an action brought against a corporation, as prescribed in this article, either separately or in conjunction with its stockholders, trustees, or other officers, must provide for a just and fair distribution of the property of the corporation, and of the proceeds thereof, among its fair and honest creditors in the order and in the proportions prescribed by law in the case of the voluntary dissolution of a corporation." When a judgment has been obtained, the final decree must provide for a just and fair distribution of the property of the corporation among its honest creditors, when all will share in the distribution of the property of the corporation, while the creditor bringing the action in fact brings it for the benefit of all the creditors of the corporation. The Code does not require it to state that it is brought for the benefit of other creditors; and it was so held in *Bartlett* v. *Drew*, 57 N. Y. 587; REYNOLDS, J., saying that the plaintiff might bring in all of the creditors, but, if the defendant had any of the assets of the corporation, an action could be maintained against him alone, without bringing in all of the parties to settle their equities. The final decree in an action by a creditor is a decree not only for the benefit of the complainant in the suit, but also for the benefit of all other creditors who may come in and prove their debts under the judgment. The plaintiff may make all of the stockholders parties, and compel a contribution from all equal to the amount unpaid on the stock held by them, respectively, and have it divided among all of the creditors. *Morgan* v. *Railroad Co.*, 10 Paige, 290. And so in *Mann* v. *Pentz*, 3 N. Y. 415, it was held that all of the creditors and

all of the stockholders could be brought in, and the amount owing from the stockholders paid into the fund of the corporation, and by the court distributed to the parties entitled to it. It is the rule, in actions of this kind, that whenever it becomes necessary to effect a complete settlement of the affairs of the parties interested the court may, at any time before or after final judg-. ment, order such parties brought in, to the end that the whole matter in controversy may be determined. *Morgan* v. *Railroad Co.*, *supra;* section 1807, Code Civil Proc. The plaintiff in this case in no event can recover more than his proportionate share of the assets of the corporation. The fund belongs to all of the creditors, and after judgment the rights of the creditors may be determined, as in case of voluntary bankruptcy. The case of *Mathez* v. *Neidig*, 72 N. Y. 100, cited by the defendant's counsel, was an action at law against a stockholder to enforce individual liability, and the court held that such an action was not proper in that case; that the action should have been in equity against all of the stockholders, and for an accounting and distribution of the funds among all of the creditors. *Griffiths* v. *Mangam*, 73 N. Y. 611, was an action under the Revised Statutes by a creditor of a corporation against one of the stockholders to recover a debt due from the corporation upon which judgment had been recovered, execution issued and returned unsatisfied. It appeared on the trial that other stockholders had not paid their stock; and it was held that the action should have been brought in equity against all of the stockholders. This is clearly an action brought in equity by the plaintiff for the benefit of all of the creditors. While the complaint does not formally state that the action is prosecuted for the benefit of all creditors similarly situated, the plaintiff in his prayer for relief asks that the property of the corporation·be sequestered, and that a fair and just distribution thereof be made among its fair and honest creditors according to law, and to this relief, under the statute, he is entitled, if there are other creditors of the corporation. Whether they have obtained judgments or not, they will be entitled to share in the distribution of the funds of the corporation, and a proper judgment will make suitable provision for the ascertaining and payment of such creditors. *Pfohl* v. *Simpson*, 74 N. Y. 137; *People* v. *Bruff*, 9 Abb. N. C. 162, note; Kerr, Bus. Corp. § 371; *Christensen* v. *Quintard*, 22 Wkly. Dig. 95.

The defendant further insists that, irrespective of the foregoing considerations, the plaintiff has stated no cause of action against the defendant stockholders. He claims that in addition to setting out the judgment, the issuing and return of the execution, he should state in his complaint the facts upon which the judgment was obtained, showing that at the time of the commencement of the action he had a cause of action against the corporation. The statute under which the action is brought, certainly does not require any such statement. It is that a final judgment shall have been rendered, and execution issued to the sheriff of the county where the corporation transacts its general business, and the return by the sheriff of the execution wholly or partly unsatisfied. Then the creditor may maintain an action to procure a judgment sequestering the property of the corporation. There does not seem to be any reason for stating the facts upon which the cause of action arose, as it is a debt of the corporation. The corporation alone is interested in defending the original action. This action is commenced simply to reach the funds of the corporation in the hands of the stockholders. In *Hastings* v. *Drew*, 76 N. Y. 9, the question here considered was fully discussed. The action was brought against the stockholders of the New Jersey Steam Navigation Company after a judgment had been obtained against it, and execution returned unsatisfied, to reach the assets of the company, which had been obtained by the defendants by collusion. The court held that the action was in the nature of a creditor's bill to reach the property of the corporation in possession of the defendants, and liable for its debts; that the judgment obtained against the corporation was conclusive against it and against the stockholders, provided

they appropriated the property of the corporation to their own use. "No reason exists," says the court, "why, where the action is brought to reach the property of the corporation, which was subject to the lien of the judgment of the plaintiff, and to apply the same to its payment and satisfaction, the judgment should not be at least *prima facie* evidence against the stockholders." In *Stevens* v. *Fox*, 83 N. Y. 313, the case is quite similar to the one before us. The action was brought by the assignee of a judgment against the New York & Oswego Midland Railroad Company, and the defendant as a stockholder of the company, to recover an amount alleged to be unpaid upon his stock. On the trial, to prove the indebtedness, the plaintiff offered in evidence the record of a judgment against the company. The court held, Judge RAPALLO writing the opinion, that "the plaintiff need not allege or prove the original indebtedness; that the action was not to impose a penalty upon the stockholder, or any original liability, but simply to confer upon the creditor of the corporation the right to pursue for the satisfaction of his claim the indebtedness of the stockholder to the corporation for his unpaid subscription to the capital. This liability is not created or enlarged. It rests upon his contract with the corporation, and the creditor is simply subrogated to the claim of the corporation against the debtor. He may show such indebtedness by evidence which is binding and conclusive upon the corporation, and the judgment is the highest evidence against the corporation of such indebtedness." It seems that where the action is for the purpose of collecting a debt due the corporation from the stockholder, either by reason of his not having paid the amount of his stock, or by appropriation of the funds of the company, the judgment is conclusive upon the stockholder; that it is simply an effort of the corporation, through a creditor, to enforce the payment of its debts against its debtors, and it is only sufficient to that end to establish the fact that a debt is owing from the stockholder to the corporation. The learned counsel for the defendant has cited a number of cases (*Miller* v. *White*, 50 N. Y. 137; *McMahon* v. *Macy*, 51 N. Y. 155; and cases of that character) to establish the proposition claimed by him. From an examination of these cases they do not appear to have any bearing upon the facts of this case. In those cases the action was sought to be maintained against the stockholder for a violation of some statute, or the omission of some corporate duty, such as to make and file its annual report, for which the statute imposes upon the stockholder as a penalty the liability to pay the debts of the corporation. In that class of cases it is sought to charge him for an original liability to the stockholder, and not to pay over to the corporation that which he justly owes it. It is said by RAPALLO, J., in *Stevens* v. *Fox*, that "this class of cases depends upon an entirely different principle. The defendant is not pursued as a debtor to the corporation, or for any pre-existing liability of his own, but upon an original liability created by the statute; and it was not in the power of the corporation to admit away his case, or suffer a recovery which should be binding upon him, and create as against him a liability to which he was not previously subject." In such cases the plaintiff must allege and prove his original cause of action, because, being in the nature of a penalty, he is bound to show his right in all particulars to maintain the action. This disposes of the questions raised by the defendant, except his fifth point, and, as that seems to be a logical conclusion from the statement of his other points, it does not seem to be necessary to discuss it, except to say that there is no misjoinder of parties. Both the corporation and the stockholders are properly made defendants under the statute, as well as by the authorities which have been cited. It follows that the demurrer should be overruled, with leave to the defendant to answer on payment of costs. All concur.