SCHENCK CHEMICAL CO. v. INDUSTRIAL ADVERTISING & DISTRIBUTING CO. et al.

(Supreme Court, Special Term, New York County. March 17, 1910.)

1. CORPORATIONS (§ 269*)—STOCKHOLDERS—LIABILITY FOR CORPORATE DEBTS—ACTIONS—ADMISSION OF EVIDENCE—JUDGMENT AGAINST CORPORATION.

A prior judgment against a corporation is not admissible in a creditor's action against stockholders if the claim is not against them as debtors of the corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 269.*]

2. CORPORATIONS (§ 361*)—OFFICERS—LIABILITY FOR CORPORATE DEBTS—EFFECT AS AGAINST DIRECTORS OF JUDGMENT AGAINST CORPORATION.

Plaintiff obtained a judgment against defendant corporation, decreeing that certain money was collected by it and held for plaintiff in a fiduciary

capacity, but the funds were paid out by defendant's directors in the ordinary course of business, and, after suing out execution on the judgment which was returned unsatisfied, plaintiff brought an action against defendant's directors to compel them individually to pay the amount of such funds paid out. *Held*, that the directors' liability to plaintiff was their personal liability for conversion of plaintiff's property, and not through any liability to the corporation or failure to account for corporate assets, so that the judgment against the corporation was not admissible in the action against them.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 361.*]

3. TRUSTS (§ 25*)—RELATIONSHIP—CREATION.

A contract between complainant and defendant gave the latter the exclusive right to sell proprietary articles owned by complainant, and provided that all except the first introductory orders should be taken in complainant's name, and collections should be made by complainant, but that defendant's introductory order should be charged to and paid for by defendant at a certain rate. The goods covered by the introductory orders were billed to defendant as purchaser, and charged to defendant on complainant's books; complainant in accepting such orders repeating the terms of the contract that the goods were to be charged to, and paid for by, defendant. There were certain negotiations by complainant for payment for the goods sold under the introductory orders. *Held*, that the contract as construed by the conduct of the parties created the relation of debtor and creditor, and not a fiduciary relation, as to the introductory orders; any negotiations for payment not being inconsistent with such construction.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 25.*]

Action by the Schenck Chemical Company against the Industrial Advertising & Distributing Company and others. Complaint dismissed as to unnamed defendants.

Abbott & Coyne, for plaintiff.
Church & Church (Edward W. Hatch, of counsel), for defendants.

DAYTON, J. This controversy arises out of certain transactions under a contract between the plaintiff, the Schenck Chemical Company, and the defendant, the Industrial Advertising & Distributing Company. Under that contract the defendant had the exclusive right to sell proprietary articles owned by complainant. The price which plaintiff was to receive was fixed. The defendant company sold a quantity of the articles and collected the proceeds. Plaintiff, not having received any part of such proceeds or payment for these articles, sued the defendant company for an accounting and recovered a judgment in which was incorporated an adjudication that such proceeds were collected by the defendant company in the capacity of agent for the complainant, and that they were held and retained by defendant company in a fiduciary capacity. Defendant company having failed to pay over the money, execution was issued and returned unsatisfied. Thereupon the Schenck Chemical Company brought this suit against the Industrial Advertising & Distributing Company and its directors, reciting all of the foregoing transactions and proceedings and seeking to compel said directors "to account for their official conduct in the management and disposition of the funds and property" of the defendant corporation and to compel them individually to pay to said company or to a receiver thereof the

sum that might be found due upon an accounting. A default judgment in this action was taken against the defendant corporation.

Plaintiff's theory is: (1) That the prior judgment against the Industrial Advertising & Distributing Company is conclusive against the directors upon the matter therein determined, and consequently conclusively establishes that the money for which the judgment was rendered was held by the defendant company in a fiduciary capacity; and (2) that, independently of such judgment, it must be found that said money was a trust fund which should have been turned over to plaintiff.

As to the first position: Is the former judgment admissible in evidence against these directors? Plaintiff relies upon the doctrine of the cases of Darcy v. B'klyn, etc., Ferry Co., 127 App. Div. 167, 111 N. Y. Supp. 514, affirmed 196 N. Y. 99, 89 N. E. 461, and Hastings v. Drew, 76 N. Y. 9. The first of these cases holds that directors who sell and transfer the corporate assets and divide the proceeds among the stockholders without providing for the payment of the corporate debts are liable to a judgment creditor under section 1781 et seq., Code Civ. Proc. That directors hold the corporate property as a trust fund for the payment of the corporate debts is not controverted, but that alone does not seem to bear upon the question under discussion. Hastings v. Drew likewise recognizes the rule that the property of a corporation is a trust fund for the payment of its debts; that corporate creditors have a lien on such assets and may follow them into the hands of the directors and stockholders. The creditors' suit was for the purpose of following such assets, and the judgment establishing the plaintiff's debt was held to conclude the defendants as to the debt, but it was not admitted for the purpose of showing that the defendants had received and appropriated corporate property. Its admissibility at all was governed by considerations different from those applicable to the case at bar. It proved only the status of the plaintiff in that case and the amount of his debt against the corporation. So, in the case of a stockholder's liability, under statute, for corporate debts to the amount unpaid on stock, the creditor's right is merely to pursue the indebtedness of the stockholder to the corporation and the creditor claims through the corporation. If the evidence of the debt is binding on the corporation, it is competent in an action to recover against the stockholder. Stephens v. Fox, 83 N. Y. 317, shows further that the controlling feature of such a case and of Hastings v. Drew, supra, is that the defendant is pursued as a debtor of the corporation. On the other hand, Miller v. White, 50 N. Y. 137, and McMahon v. Macy, 51 N. Y. 155, establish that if a defendant is not pursued as a debtor of the corporation or for any pre-existing liability of his own, but upon an original liability, or, in other words, if he is not a debtor to the corporation or is not liable for its assets, under the principles of Hastings v. Drew and Stephens v. Fox, supra, a prior judgment against the corporation is not admissible against him.

Here the plaintiff claims that particular funds held by the corporation belonged not to the corporation, but to plaintiff, and that these defendants are liable because they paid out such funds in the ordinary conduct of the business of the defendant company. It does not seem that this is a case of following assets of the defendant corporation. If the

fund was an asset of the corporation, then certainly defendant directors could not be held liable by the corporation for such disposition of it as was concededly made. If the defendants are liable for a fund misapplied by them and which belonged to plaintiff, it would not seem that the fund was one which is designated a trust fund for creditors to be made good to the corporation for its creditors; and if plaintiff is a creditor, seeking to have the fund, as an asset of the corporation, administered as a trust fund or rather applied to their debt in the hands of the defendant directors, the answer is that they have already applied it to legitimate corporate purposes. So that liability of these defendants, in any event, would seem to be an independent one to the plaintiff alone, and not through any liability to the corporation or to account for corporate assets. If the corporation was liable to this plaintiff, it was by reason of the contract and its breach. The directors' liability is for their misfeasance. 1 Morawitz, Corpns. § 569. I conclude that the former judgment against the corporation is not admissible.

Upon the second contention, that independently of said judgment the money sought to be recovered was held by the defendant directors as a trust fund, this identical contract was construed by this court in the suit between the Schenck Chemical Company and the Industrial Advertising & Distributing Company, above referred to, and it was there held to create a fiduciary relation with respect to the moneys claimed in the present suit. This court, however, has now to decide the question in the light of the whole evidence adduced on the trial of this cause. The contract undoubtedly created an exclusive agency in the Industrial Advertising & Distributing Company for the sale of the proprietary articles of the plaintiff company. The general provisions of the contract show this, and reserve to the plaintiff the right to collect the proceeds of sales. An exception is made, however, as to goods sold under what are termed "introductory orders." The clause of the contract between the plaintiff and the Industrial Advertising & Distributing Company relating to these orders is as follows:

"Third. It is mutually agreed that all, except first introductory orders, shall be taken in the name of and filled by first party (plaintiff) and all collections shall be made solely by first party. That second party's introductory orders shall be charged to and paid for by second party at the rate of one dollar per dozen boxes."

This clause, standing alone would seem to create the relation of debtor and creditor with respect to goods delivered under introductory orders; but, considered in connection with other parts of the contract, it was construed by the former judgment to create a fiduciary relation. The proofs here show, however, that the parties by their conduct have given to it the practical construction which the language of the clause itself would bear if standing alone. The goods were billed to the defendant company as purchaser, and were charged to it on the plaintiff's books, and in letters of the plaintiff accepting introductory orders plaintiff repeated the terms, namely, that the goods were to be charged to and paid for by the defendant company. The negotiations shown by plaintiff looking to payment for the goods sold under introductory orders are not inconsistent with this view, because the contract made

no provision whatever for the time of payment for the goods which were to be charged to and paid for by the defendant company.

My conclusion is, therefore, that the plaintiff is not entitled to recover against the directors, and as to them the complaint must be dismissed, with costs. Submit findings on notice.